T.C. Memo. 2000-69

UNITED STATES TAX COURT

FALSTONE, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2206-88.                    Filed March 2, 2000.

Michael D. Savage, for petitioner.

Michael H. Salama and Patrick W. Lucas, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  The instant case is before us on cross-motions for partial summary judgment pursuant to Rule 121(a).[1] The issue to be decided is whether, during the years in issue,

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner, a corporation that was an inhabitant of the United States Virgin Islands (USVI) within the meaning of section 28(a) of the Revised Organic Act of the Virgin Islands (Revised Organic Act), 48 U.S.C. sec. 1642 (1994), was required to pay tax to the United States on its worldwide income.

Summary judgment may be granted if the pleadings and other materials demonstrate that no genuine issue exists as to any material fact and that a decision may be entered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Partial summary judgment may be granted with regard to a single issue if the conditions for summary judgment are otherwise satisfied, notwithstanding that all of the issues in the case are not concluded. See Rule 121(b); U.S. Bancorp v. Commissioner, 111 T.C. 231, 236 (1998). The record shows and the parties do not dispute that there is no genuine issue as to any material fact with respect to the issue presented by the parties' motions for partial summary judgment. Accordingly, we may render judgment on the issue as a matter of law. See Rule 121(b).

For the purpose of ruling on the parties' motions, we adopt the following facts set forth in the parties' moving papers. Petitioner was incorporated in Delaware on January 23, 1984. At the time it filed its petition in the instant case, petitioner's principal place of business was in Carson City, Nevada. During

the years in issue, petitioner was an "inhabitant" of the USVI within the meaning of section 28(a) of the Revised Organic Act.

Through the Naval Appropriations Act, ch. 44, 42 Stat. 122 (1921), Congress made the United States income tax laws applicable to the USVI. See Danbury, Inc. v. Olive, 820 F.2d 618, 620 (3d Cir. 1987); Condor Intl., Inc. v. Commissioner, 98 T.C. 203, 211 (1992), affd. in part and revd. in part on other grounds 78 F.3d 1355 (9th Cir. 1996). The Naval Appropriations Act created a separate territorial income tax which the USVI Government would collect by applying the United States income tax laws with necessary changes where appropriate. See Bizcap, Inc. v. Olive, 892 F.2d 1163, 1165 (3d Cir. 1989); Condor Intl., Inc. v. Commissioner, supra. A "mirror" system of taxation was created by substituting "Virgin Islands" for "United States", in the Internal Revenue Code. See Bizcap, Inc. v. Olive, supra; Condor Intl., Inc. v. Commissioner, supra. To satisfy a USVI tax obligation, a corporation inhabiting the USVI was required to pay the same amount of taxes to the USVI Bureau of Internal Revenue (BIR) as a domestic U.S. corporation would be required to pay to the Internal Revenue Service (IRS) under the same circumstances. See Bizcap, Inc. v. Olive, supra; Condor Intl., Inc. v. Commissioner, supra.

The Naval Appropriations Act required some corporations to file two returns. For example, a domestic U.S. corporation doing

business in the USVI would have to file a return with the IRS declaring its worldwide income, as well as a return with the BIR declaring its USVI source income. See Bizcap, Inc. v. Olive, supra; Condor Intl., Inc. v. Commissioner, supra.

Section 28(a) of the Revised Organic Act amended the Naval Appropriations Act regarding dual return requirements and provided as follows:

> SEC. 28. (a) The proceeds of customs duties, the proceeds of the United States income tax, the proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands, * * * shall be covered into the treasury of the Virgin Islands, and shall be available for expenditure as the Legislature of the Virgin Islands may provide: Provided, That the term "inhabitants of the Virgin Islands" as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and such persons shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands: * * * [Emphasis added.]

The foregoing provision, which became known as the "inhabitant rule", allowed taxpayers such as petitioner to satisfy their obligation with respect to both United States and USVI taxes by filing one income tax return, reporting all income earned, with the BIR and by paying to the BIR the appropriate amount of tax. See Bizcap, Inc. v. Olive, supra; Condor Intl., Inc. v. Commissioner, supra.

During 1986, Congress enacted the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, 100 Stat. 2085. Section 1275(b) of

TRA 1986 repealed the "inhabitant rule" and required U.S. corporations that were inhabitants of the USVI to report and pay tax on their worldwide income to the IRS.[2]  Section 1277(c)(2)(A) of TRA 1986 applied the amendments of section 1275(b) of TRA 1986 not only to any taxable year beginning after the effective date of TRA 1986 but also to any "pre-1987 open year."  Section 1277(c)(2)(C) of TRA 1986 defines a "pre-1987 open year" as "any taxable year beginning before January 1, 1987, if on the date of the enactment of this Act the assessment of a deficiency of income tax for such taxable year is not barred by any law or rule of law."

Respondent determined that 1984 and 1985 are "pre-1987 open years" within the meaning of section 1277(c)(2)(C) of TRA 1986 and, accordingly, contends that petitioner is required to pay tax to the United States on its worldwide income during those years. Petitioner does not dispute respondent's position with regard to

---

[2]    The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1275(b), 100 Stat. 2085, provides:

> SEC. 1275(b) Clarification of Treatment of Virgin Islands Inhabitants.--Subparagraph (B) of section 7651(5) (relating to the Virgin Islands) is amended to read as follows:
> > (B) For purposes of this title, section 28(a) of the Revised Organic Act of the Virgin Islands shall be effective as if such section 28(a) had been enacted before the enactment of this title and such section 28(a) shall have no effect on the amount of income tax liability required to be paid by any person to the United States.

whether the years in issue are "pre-1987 open years."  Instead,
petitioner argues that sections 1275 and 1277 of TRA 1986 create
a retroactive tax in violation of the United States Constitution.
Additionally, petitioner contends that section 1277(c)(2)
violates the Due Process and Equal Protection Clauses of the
Fifth Amendment to the Constitution because it specifically
exempts from the application of section 1275(b) two corporations
similarly situated to petitioner.[3]

Condor Intl., Inc. v. Commissioner, 98 T.C. at 215, involved

---

[3]    The relevant portions of sec. 1277(c)(2) provide:

> (D) Exception.--In the case of any pre-1987 open
> year, the amendment made by section 1275(b) shall not
> apply to any domestic corporation if--
>
> > (i) during the fiscal year which ended
> > May 31, 1986, such corporation was actively
> > engaged directly or through a subsidiary in
> > the conduct of a trade or business in the
> > Virgin Islands and such trade or business
> > consists of business related to marine
> > activities, and
> >
> > (ii) such corporation was incorporated
> > on March 31, 1983, in Delaware.
>
> (E) Exception for certain transactions.--
>
> > (i) In general.--In the case of any pre-1987
> > open year, the amendment made by section 1275(b)
> > shall not apply to any income derived from
> > transactions described in clause (ii) by 1 or more
> > corporations which were formed in Delaware on or
> > about March 6, 1981, and which have owned 1 or
> > more office buildings in St. Thomas, United States
> > Virgin Islands, for at least 5 years before the
> > date of the enactment * * *

a corporate taxpayer that was an inhabitant of the USVI. On August 14, 1984, the taxpayer filed its Federal income tax return with the BIR for its taxable year which ended on May 31, 1984. See id. at 208. On September 8, 1987, the IRS mailed a notice of deficiency to the taxpayer. See id. In Condor Intl., we held that the notice of deficiency was timely because the taxpayer's taxable year that ended on May 31, 1984, was a "pre-1987 open year" within the meaning of section 1277(c)(2)(C) of TRA 1986. See id. at 217. Additionally, we held that sections 1275(b) and 1277(c)(2) of TRA 1986 do not retroactively tax USVI inhabitants because the amount of tax owed by any taxpayer is not altered. See id. at 218. In reaching that conclusion, we held that, prior to the enactment of TRA 1986, an inhabitant of the USVI would be required to pay tax on its worldwide income to the BIR. See id.; accord Danbury, Inc. v. Olive, 820 F.2d 618, 626 n.4 (3d Cir. 1987). We also held that there was no violation of the Due Process Clause of the Fifth Amendment to the Constitution because the only difference between taxpayers that were specifically exempted from the application of section 1275(b) of TRA 1986 by section 1277(c)(2) of TRA 1986 and taxpayers that were not so exempted was the agency to which each taxpayer was required to pay tax. See Condor Intl., Inc. v. Commissioner, supra at 218. In reaching that conclusion, we relied on the case of Bizcap, Inc. v. Olive, 892 F.2d at 1167, in which the Court of Appeals

for the Third Circuit held that a corporate taxpayer that was specifically exempted from the application of section 1275(b) of TRA 1986 by section 1277(c)(2)(D) of TRA 1986 remained liable to the BIR for tax on its worldwide income.  The Court of Appeals for the Ninth Circuit affirmed our decision with respect to the timeliness of the notice of deficiency.[4]  See Condor Intl., Inc. v. Commissioner, 78 F.3d at 1258-1359.  Petitioner has not advanced any argument that would cause us not to follow our prior holding in Condor Intl., Inc. v. Commissioner, supra, or that of the Court of Appeals for the Ninth Circuit to which the instant case is appealable, absent stipulation to the contrary. Accordingly we shall grant respondent's motion for partial summary judgment and deny petitioner's motion for partial summary judgment.

We have considered the parties' remaining arguments and find them irrelevant or unnecessary to reach.

To reflect the foregoing,

An appropriate order will be issued.

---

[4]     The Court of Appeals for the Ninth Circuit reversed the decision of this Court with regard to the imposition of additions to tax.  See Condor Intl., Inc. v. Commissioner, 78 F.3d 1355, 1360 (9th Cir. 1996), affg. in part and revg. in part 98 T.c. 203 (1992).  In the instant case, respondent has conceded that petitioner is not liable for any of the additions to tax set forth in the notice of deficiency.