**FALSTONE, INC., Petitioner—
Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.**

No. 02–71785.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided June 4, 2003.

Before: CANBY, KLEINFELD, and
RAWLINSON, Circuit Judges.

MEMORANDUM *

Falstone, at all relevant times a Delaware corporation and an inhabitant of the United States Virgin Islands, appeals the judgment of the United States Tax Court. The Tax Court held that there are deficiencies in income tax due from Falstone for taxable years 1984 and 1985 of $42,233 and $80,171 respectively. The case is before us because Falstone's principal office is now in Nevada. Falstone argues that the 1986 Tax Reform Act's retroactive requirement that Falstone must pay the IRS

tax on its worldwide income was unconstitutional as a retroactive tax, and that targeted exemptions for two other corporations deny it equal protection.

Because Falstone owed the Virgin Islands Bureau of Revenue tax on its worldwide income under the plain language of Section 28(a) of the Revised Organic Act of the Virgin Islands,[1] the 1986 Act did not cause a retroactive increase in its tax liability so Congress may require Falstone to instead pay the IRS.[2] Further, because the corporations receiving targeted exemptions were still obligated to pay a comparable tax into the treasury of the Virgin Islands,[3] no equal protection violation occurred. *Sayre & Co. v. Riddell*[4] does not apply because it dealt with the taxation power of Guam and not with a corporation's federal tax liability.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  48 U.S.C. § 1642 (stating that a taxpayer "shall satisfy their income tax obligations under the applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands.").

2.  *See Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir.1987).

3.  *Bizcap, Inc. v. Olive*, 892 F.2d 1163, 1167 (3d Cir.1989) (discussing the business entity incorporated on March 31, 1983).

4.  *Sayre & Co., v. Riddell*, 395 F.2d 407, 413 (9th Cir.1968).