**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4456
_____

In re: LEMINGTON HOME FOR THE AGED

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
ON BEHALF OF THE ESTATE OF LEMINGTON HOME
FOR THE AGED,
                                        Appellant

v.
ARTHUR BALDWIN; LINDA COBB; JEROME
BULLOCK; ANGELA FORD; JOANNE ANDIORIO; J.W.
WALLACE; TWYLA JOHNSON; NICOLE GAINES;
WILLIAM THOMPKINS; ROY PENNER; MELODY
CAUSEY; JAMES SHEALEY; LEONARD R. DUNCAN;
RENEE FRAZIER; CLAUDIA ALLEN; EUGENE
DOWNING; GEORGE CALLOWAY; B. J. LEBER;
REVEREND RONALD PETERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-00800)
District Judge: Honorable Arthur J. Schwab
_____

Argued July 11, 2011

Before: SLOVITER, FUENTES and VANASKIE,
*Circuit Judges*.

(Opinion Filed September 21, 2011)

Robert S. Bernstein, Esq.
Kirk B. Burkley, Esq.
Nicholas D. Krawec, Esq. *Argued*
Krawec Bernstein Law Firm, PC
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219-0000
        *Counsel for Appellants*

Mark R. Hamilton, Esq. *Argued*
Philip J. Sbrolla, Esq.
Cipriani & Werner
650 Washington Road
Suite 700
Pittsburgh, PA 15228

Todd M. Raskin, Esq.
Mazanec, Raskin & Ryder
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
        *Counsel for Appellee Arthur Baldwin*


Suzanne B. Merrick

Thomas, Thomas & Hafer
301 Grant Street
One Oxford Centre, Suite 1150
Pittsburgh, PA 15219-0000
    *Counsel for Appellee James Shealey*

————————

ORDER AMENDING OPINION
————————

VANASKIE, *Circuit Judge*.

IT IS NOW ORDERED the above captioned case be amended as follows:

Footnote 5 shall now read:

> The District Court erroneously held that the presumption of the business judgment rule is overcome only by evidence of gross negligence. The District Court cited a Delaware Supreme Court case which held that "under the business judgment rule director liability is predicated upon concepts of gross negligence." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984) (overruled on other grounds). Pennsylvania, however, recognizes directors' and officers' liability for *negligent* breach of fiduciary duty. *See, e.g.*, *Wolf v. Fried*, 373 A.2d 734, 735 (Pa. 1977) ("[E]ven in the absence of fraud, self-dealing, or proof of personal profit or wanton acts of omission or commission, the directors of

a corporation may be held personally liable where they have been imprudent, wasteful, careless and negligent and such actions have resulted in corporate losses."). Of course, a non-profit corporation may restrict the circumstances under which a director may have personal liability for negligent acts by adoption of an appropriate by-law, *see* 15 Pa. C.S. § 5713(a), in which event a director may be liable for a breach of fiduciary duties or a failure to perform the duties of the office only if "the breach or failure to perform constitutes self-dealing, willful misconduct or recklessness." 15 Pa. C.S. § 5713(a)(2). While the Home adopted an appropriate by-law, there is a genuine dispute of fact as to whether alleged breaches of fiduciary duties constituted self-dealing. Moreover, there is no comparable statutory limitation of liability for the officers of a non-profit corporation. Thus, a trial is required on the claims against Causey and Shealey on the question of whether they failed to exercise "such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances." 15 Pa. C.S. § 5712(c).

s/ Thomas I. Vanaskie
Circuit Judge

DATED: October 20, 2011
PDB/cc: All Counsel of Record

4