**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 11-3490, 11-3491, 11-3561 & 11-3562

BARRY COOPER; SANDRA COOPER,
                              Appellants in 11-3490

v.

COMMISSIONER OF INTERNAL REVENUE;
BUREAU OF INTERNAL REVENUE

PATRICK A. MCGROGAN,
                              Appellant in 11-3491

v.

COMMISSIONER OF INTERNAL REVENUE;
VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

EMMIT J. MCHENRY,
                              Appellant in 11-3561

v.

COMMISSIONER OF INTERNAL REVENUE;

VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

GEORGE C. HUFF,
                              Appellant in 11-3562

v.

COMMISSIONER OF INTERNAL REVENUE;
BUREAU OF INTERNAL REVENUE

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas and St. Croix)
(D. C. Nos. 1-10-cv-00040; 3-09-cv-00167; 1-10-cv-00021;
1-10-cv-00026)
District Judges:  Honorable Raymond L. Finch and
Honorable Curtis V. Gomez

Argued on December 4, 2012

Before:  SMITH, HARDIMAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 17, 2013)

Joseph A. DiRuzzo, III, Esquire **(Argued)**
Fuerst Ittleman
1001 Brickell Bay Drive
32nd Floor
Miami, FL   33131

   *Counsel for Appellants*

Kathryn Keneally, Esquire
Assistant Attorney General
Kenneth L. Greene, Esquire
Jennifer M. Rubin, Esquire  **(Argued)**
Robert W. Metzler, Esquire
Tax Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
P. O. Box 502
Washington, DC   20044

Christopher D. Belen, Esquire
Tax Division
United States Department of Justice
P. O. Box 227
Ben Franklin Station
Washington, DC   20044

*Counsel for Appellee Commissioner of Internal Revenue*

Vincent Frazer, Esquire
Attorney General
Bernard M. VanSluytman, Esquire
Solicitor General
Paul J. Paquin, Esquire
Deputy Solicitor General
Tamika M. Archer, Esquire **(Argued)**
Tiffany V. Monrose, Esquire
Pamela R. Tepper, Esquire
Anquannette Chinnery-Montell, Esquire
Office of Attorney General of Virgin Islands

Department of Justice
34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, Virgin Islands  00802

> *Counsel for Appellee Virgin Islands Bureau of Internal Revenue*

---

OPINION

---

**ROTH,** Circuit Judge:

## I.    Introduction

In this consolidated appeal, appellants, Barry Cooper, Sandra Cooper, Emmit McHenry, George Huff, and Patrick McGrogan (collectively Taxpayers), filed suits in the District Court of the Virgin Islands seeking redeterminations of their tax liability from the Internal Revenue Service (IRS) and tax refunds from the Virgin Islands Bureau of Internal Revenue (VIBIR).  In separate proceedings, the courts below dismissed Taxpayers' claims against the IRS for lack of subject matter jurisdiction.  McGrogan also filed a claim against the VIBIR that was dismissed due to the expiration of the statute of limitations.  For the reasons that follow, we will affirm the decisions below.

## II. Background

### A. Framework

This case is about Taxpayers' attempt to lawfully reduce their income tax liability by claiming certain tax benefits afforded exclusively to bona fide residents of the United States Virgin Islands. The Virgin Islands[1] is a territory of the United States. As a territory, the Virgin Islands does not share the same sovereign independence as the states of the union; rather, the power to pass rules and regulations governing territories like the Virgin Islands rests with Congress. U.S. Const. Art. IV § 3, cl. 2; *Bluebeard's Castle v. Gov't of the Virgin Islands*, 321 F.3d 394, 400 (3d Cir. 2003).

In the Naval Service Appropriation Act of 1922, Congress passed legislation applying the Internal Revenue Code of the United States to the Virgin Islands. *See* Pub. L. 94-932 (codified at 48 U.S.C. § 1397); *Chase Manhattan Bank, N.A. v. Gov't of the Virgin Islands*, 300 F.3d 320, 322 (3d Cir. 2002). This legislation provides that "[t]he income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands." 48 U.S.C. § 1397. This statutory scheme has come to be known as the "mirror code" because Congress designed Virgin Islands tax law to mirror the tax laws in effect on the mainland. *Chase Manhattan Bank*, 300 F.3d at

---

[1] Unless otherwise designated in this opinion, the term "Virgin Islands" refers to the United States Virgin Islands.

5

322. As a result of this legislation, the words "Virgin Islands" are substituted for the words "United States" throughout the Internal Revenue Code. *Bizcap, Inc. v. Olive*, 892 F.2d 1163, 1165 (3d Cir. 1989).

Congress has crafted special rules governing the taxation of Virgin Islands residents. One of these rules states that any "bona fide resident of the Virgin Islands" will be granted a full exemption from paying her federal income taxes—and therefore will not be required to pay taxes to the federal government, so long as she files a territorial tax return that fully reports her income and then fully pays her territorial taxes to the VIBIR.[2] *See* I.R.C. § 932(c); *Abramson Enters., Inc. v. Gov't of the Virgin Islands*, 994 F.2d 140, 142 (3d Cir. 1993). This exemption is significant because Congress authorized the Virgin Islands government to create an Economic Development Program granting substantial tax incentives to certain Virgin Islands taxpayers. *See* I.R.C. § 934(b) (Congressional authorization); 29 V.I.C. § 708(b) (bona fide residency requirement); 29 V.I.C. § 713b (income tax reduction). As applied to this case, Taxpayers might have realized considerable tax savings under the Economic Development Program, but only if they qualified as bona fide residents of the Virgin Islands.

---

[2] Before 2004, I.R.C. § 932(c) required only that the taxpayer claim bona fide residency in the Virgin Islands "at the close of the taxable year." I.R.C. § 932(c) (West 2003). The statute was amended in 2004 and changed the requirement to "during the entire taxable year." I.R.C. § 932(c) (West 2004). These amendments, however, are not relevant in this appeal.

## B. Procedural Posture

Between 2001 and 2004 Taxpayers claimed bona fide residency in the Virgin Islands and eligibility for the tax benefits granted by the Economic Development Program.[3] Consequently, Taxpayers filed tax returns with the VIBIR and paid their taxes only to the Virgin Islands government. Taxpayers did not file federal income tax returns.

### 1. Claims Against the IRS

In late 2009 and early 2010, Taxpayers were issued tax prepayment deficiency notices by the IRS challenging their claims of bona fide residency in the Virgin Islands. In separate proceedings, Taxpayers challenged the deficiency notices in the District Court of the Virgin Islands. The District Court granted the IRS's motion to dismiss on the grounds that the Tax Court was the only proper forum for their suits against the IRS and therefore the District Court of the Virgin Islands lacked subject matter jurisdiction to adjudicate the dispute.[4]

---

[3] McHenry claimed bona fide residency in 2001 and 2002. The Coopers claimed bona fide residency in 2002 and 2003. McGrogan and Huff claimed bona fide residency in 2002, 2003, and 2004.

[4] The courts below issued certifications of final judgments under Federal Rule of Civil Procedure 54(b) as to the dismissals of the claims against the IRS brought by the Coopers, McHenry, and Huff.

Each Taxpayer has also filed redetermination petitions in the Tax Court. Those proceedings are currently pending.

### 2. Claims against the VIBIR

After receiving deficiency notices from the IRS in late 2009, McGrogan, in an effort to avoid double taxation, filed a petition in the District Court of the Virgin Islands in February 2010 seeking a refund of taxes paid to the VIBIR. The District Court granted the VIBIR's motion to dismiss McGrogan's refund petition because McGrogan filed his claim outside the statute of limitations. *See* I.R.C. § 6511(a) (statute of limitations for a refund petition expires either three years after the time of filing an income tax return or two years after the time of payment of the tax owed, whichever expires last).

The Coopers, McHenry, and Huff also filed refund claims against the VIBIR. These claims are still pending before the District Court and are not at issue in this appeal.

## III.  Discussion[5]

### A. Taxpayers' Claims Against the IRS

The District Courts correctly held that the Tax Court is the only venue for Taxpayers' claims against the IRS because Congress has designated the Tax Court as the only court with jurisdiction to adjudicate a tax prepayment deficiency dispute. Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (citation and internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). The sovereign immunity doctrine applies to the IRS because it is an agency of the United States. *See Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995).

Section 6213 of the Internal Revenue Code provides the sole waiver to sovereign immunity that authorizes a taxpayer to challenge a federal income tax prepayment

---

[5] We have appellate jurisdiction over McGrogan's appeal under 28 U.S.C. § 1291. In light of the Rule 54(b) certifications of final judgments as to the claims brought by the Coopers, McHenry, and Huff against the IRS, we have appellate jurisdiction over those claims under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss. *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

9

deficiency notice. Under this section, a taxpayer who receives a tax prepayment deficiency notice has but one venue to seek a redetermination: the Tax Court. *See* I.R.C. § 1613(a). Federal law does not permit a taxpayer to file a challenge to a deficiency notice in a federal district court unless the taxpayer pays the contested amount in full before filing suit. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7-8 (2008). Here, Taxpayers did not pay the contested amount in full before filing suit in the District Court. Therefore, as the courts held, the Tax Court has exclusive jurisdiction over Taxpayers' redetermination petitions.

Taxpayers assert that the sovereign immunity bar does not apply and that their claims were properly brought in the District Court of the Virgin Islands for three reasons: (1) by enacting 48 U.S.C. § 1612(a), Congress purportedly waived sovereign immunity by vesting exclusive subject matter jurisdiction over all federal tax claims applicable to the Virgin Islands with the District Court of the Virgin Islands; (2) the deficiency notices issued by the IRS were actually deficiency notices issued by the VIBIR, and therefore the District Court of the Virgin Islands has jurisdiction over this dispute under 48 U.S.C. § 1612(a); and (3) public policy necessitates a finding of subject matter jurisdiction in the District Court of the Virgin Islands. Each argument is without merit.

## 1. Waiver of Sovereign Immunity in 48 U.S.C. § 1612(a)

Taxpayers assert that 48 U.S.C. § 1612(a) serves as a waiver of sovereign immunity. This argument is unavailing.

Section 1612(a) states that "[t]he District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or the amount involved . . .." 48 U.S.C. § 1612(a). Taxpayers thus argue that the statute vests exclusive jurisdiction over their redetermination petitions in the District Court of the Virgin Islands because their claims are civil proceedings with respect to the income tax laws applicable to the Virgin Islands. However, as Taxpayers acknowledge, we rejected this very argument in *Birdman v. Office of the Governor*, 677 F.3d 167 (3d Cir. 2012).

In *Birdman*, we held that the grant of exclusive jurisdiction contained in Section 1612(a) is merely a "geographic limitation." *Id.* at 176. Thus, the District Court of the Virgin Islands' jurisdiction is "'exclusive' only against other courts 'in the Virgin Islands.'" *Id.* Consequently, if there were a question as to whether the District Court of the Virgin Islands or another court in the Virgin Islands had jurisdiction over a tax dispute, Section 1612(a) would vest jurisdiction over that dispute in the District Court of the Virgin Islands. *Id.* The statute does not grant the District Court of the Virgin Islands exclusive jurisdiction over all matters that implicate the tax laws applicable in the Virgin Islands. *Id.* A redetermination petition must be brought in the Tax Court even if it involves issues relating to the Virgin Islands. *See WIT Equip. Co. v. Director, Virgin Islands Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 503 (D.V.I. 2001).

We remain bound by *Birdman* unless the decision is reversed by the Supreme Court or by this Court sitting *en*

11

*banc*.  *In re Lemington Home for Aged*, 659 F.3d 282, 294 n.6 (3d Cir. 2011).  Consequently, we agree that the courts below correctly interpreted I.R.C. § 6213(a) and 48 U.S.C. § 1612(a) and will affirm their holdings that the District Court of the Virgin Islands lacks jurisdiction over Taxpayers' challenges to the deficiency notices they received from the IRS.

## 2.  Coordination Between the IRS and VIBIR

Notwithstanding the sovereign immunity bar and our decision in *Birdman*, Taxpayers argue in the alternative that the District Court of the Virgin Islands has an independent source of subject matter jurisdiction over their redetermination petition under 48 U.S.C. § 1612(a) because the notices of deficiency sent by the IRS to Taxpayers were actually issued on behalf of the VIBIR.  The basis for this contention is that two alternative positions in the deficiency notices sent to Taxpayers by the IRS state "you failed to fully pay your income tax liability to the USVI."

Taxpayers assert that the language of the deficiency notices is evidence that the IRS stepped into the shoes of the VIBIR and was acting on behalf of the VIBIR in an attempt to collect taxes for the Virgin Islands government.  Consequently, Taxpayers state that under this theory the District Court of the Virgin Islands has jurisdiction to hear their claim because redetermination petitions filed against the VIBIR are properly brought in the District Court of the Virgin Islands.  *See* 48 U.S.C. § 1612(a) (stating that the District Court of the Virgin Islands has exclusive jurisdiction with respect to the income tax laws applicable to the Virgin Islands); 33 V.I.C. § 943 (stating that redetermination

petitions filed against the VIBIR must be brought in the District Court of the Virgin Islands).

The IRS has a different explanation as to the meaning and purpose of the deficiency notices:  the IRS sought to collect taxes owed to the federal government, a fact that was indicated in the notices the IRS sent to Taxpayers.  The primary position of the IRS was that Taxpayers were not bona fide residents of the Virgin Islands under I.R.C. § 932(c)(4). If this primary position failed, Taxpayers' tax liability to the Virgin Islands Government would become relevant because the IRS would argue in the alternative that Taxpayers were liable to pay taxes to both the United States Government and Virgin Islands Government.  As a result, the IRS needed to include the statement that Taxpayers failed to fully pay their taxes to the VIBIR as an alternate position to preserve the issue if it arose during litigation.

Ultimately, there is no basis in law or fact suggesting that the IRS could act or was acting on behalf of the VIBIR. Although the IRS and the VIBIR coordinate tax policy, the IRS is responsible for enforcing federal tax laws and the VIBIR is responsible for enforcing territorial tax laws.  The IRS and VIBIR are therefore separate, distinct, and independent taxing authorities. *See McHenry v. C.I.R.*, 677 F.3d 214, 220-21 (4th Cir. 2012).  Furthermore, even if the IRS could step into the shoes of the VIBIR, Taxpayers' theory is unsupported by the factual record.  The deficiency notices were issued by the IRS, not the VIBIR.  The notices asserted a federal tax deficiency, not a Virgin Islands tax deficiency.  In fact, the tax redetermination petitions filed by Taxpayers acknowledge that the deficiency notices were issued by the IRS.  Moreover, Taxpayers' redetermination

petitions stated that they were challenging the position of the IRS, not the VIBIR.

The IRS's explanation of the deficiency notices and the documentary record makes plain that the IRS was not acting on behalf of the VIBIR and that the notices were not seeking a determination of Virgin Islands tax liability. As a result, the District Courts correctly rejected the argument that the redetermination petitions had been filed by the IRS acting on behalf of the VIBIR.

### 3. Taxpayers' Policy Arguments

Taxpayers point to the possibility of inconsistent results and double taxation if the cases against the IRS filed in the Tax Court reach different outcomes than the cases filed against the VIBIR in the District Court of the Virgin Islands. Taxpayers further state that allowing the District Court of the Virgin Islands to resolve the entire dispute would improve judicial economy by allowing one court to resolve the related issues in the redetermination petitions brought against the IRS and the VIBIR. Consequently, Taxpayers argue that these considerations support a finding that the entire litigation should be before one court: the District Court of the Virgin Islands.

Although we are mindful of the possibility of inconsistent results and double taxation, Taxpayers' claims must proceed under the jurisdictional framework established by Congress. The Tax Court has jurisdiction over federal tax deficiency proceedings under I.R.C. §§ 6213 and 6214, federal district courts have jurisdiction over tax refund proceedings under I.R.C. § 7422, and the District Court of the

Virgin Islands has jurisdiction over proceedings implicating territorial tax law under 48 U.S.C. § 1612(a). In light of the unambiguous statutory scheme established by Congress governing the adjudication of tax disputes and the firm sovereign immunity bar, Taxpayers' policy arguments are unpersuasive. *See United States v. Craig*, 694 F.3d 509, 512 (3d Cir. 2012) ("[N]either fairness considerations nor rules applicable to private disputes can alone provide grounds for abrogating sovereign immunity." (citation and internal quotation marks omitted)).

Additionally, Taxpayers' fear of being subject to double taxation without a remedy appears to be misplaced because the United States and the Virgin Islands have established an administrative procedure that could grant them relief in the event of double taxation. *See* Tax Implementation Agreement between the United States of America and the Virgin Islands, 1989-1 C.B. 347, Art. 6 (1989). Nonetheless, even if Taxpayers might be unfairly subjected to double taxation, this equitable consideration does not override the sovereign immunity bar that may only be waived by Congress.

## B. McGrogan's Claims Against the VIBIR

As noted above, the only claims against the VIBIR that we are being asked to consider are McGrogan's requests for refunds for tax years 2002, 2003, and 2004. The District Court correctly granted the VIBIR's motion to dismiss because the statute of limitations barred his claims against the VIBIR.

Federal courts lack jurisdiction to entertain refund claims brought outside of the statute of limitations. *See*

15

*Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 350, 353-54 (3d Cir. 2000). The applicable statute of limitations provides that a taxpayer seeking a refund must file a claim for a refund within either three years from the time he filed his income tax return or two years from the time he paid the tax owed, whichever period expires last. *See* I.R.C. § 6511(a). McGrogan concedes that he filed his refund petition outside of this period, so the District Court did not have jurisdiction to adjudicate McGrogan's claims against the VIBIR due to the expiration of the statute of limitations.

McGrogan advances three arguments in an attempt to overcome this jurisdictional bar: (1) the mitigation provisions contained in I.R.C. §§ 1311-14 permit his untimely claim; (2) the statute of limitations was equitably tolled; and (3) the doctrine of equitable recoupment permits his untimely claim. Each of these arguments is without merit.

### 1. Mitigation Provisions

The mitigation provisions in the Internal Revenue Code allow qualifying taxpayers to bring refund claims that would otherwise be barred by the statute of limitations. *See* I.R.C. § 1311(a); *TLI, Inc. v. United States*, 100 F.3d 424, 427-28 (5th Cir. 2012). Mitigation applies only if: (1) there has been a final determination under § 1313; (2) there has been a "circumstance of adjustment" under § 1312; and (3) one of the "conditions necessary for adjustment" in § 1311(b) has been met. *See Kappel's Estate v. C.I.R*, 615 F.2d 91, 94 (3d Cir. 1980). "The relief provided by the mitigation statutes is limited to defined circumstances, and does not purport to permit the correction of all errors and inequities." *Fruit of the Loom, Inc. v. C.I.R.*, 72 F.3d 1338, 1341 (7th Cir.

1996) (citations and internal quotation marks omitted). The mitigation provisions should be given a liberal interpretation. *See Koss v. United States*, 69 F.3d 705, 709 (3d Cir. 2005). The taxpayer bears the burden of proving that each of the three mitigation provisions applies. *Id.*

The mitigation provisions do not afford relief to McGrogan because he cannot show that a "circumstance of adjustment" has occurred. McGrogan claims a circumstance of adjustment for the double inclusion of income. However, the Internal Revenue Code permits mitigation for the double inclusion of income only if the taxpayer's claim involves "an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer." I.R.C. § 1312(1). Such a double inclusion has not occurred in this case. McGrogan does not allege having erroneously paid taxes in an incorrect tax year nor has he claimed to have erroneously paid taxes for a related taxpayer. Rather, McGrogan's overpayment of taxes is a situation not contemplated by the mitigation statute: payment to the wrong taxing entity. Although we should liberally interpret the mitigation statute, we may not rewrite its terms. As a result, the mitigation statute does not apply because the circumstance of adjustment claimed by McGrogan is outside the ambit of I.R.C. § 1312(1).

Even though McGrogan's claim falls outside the scope of the mitigation statute, he seeks an exception to it because of the special relationship between the United States and the Virgin Islands and the purportedly collusive coordination of tax policy between the IRS and the VIBIR. McGrogan also points to a possibility of double taxation. Again, while we are cognizant of the equitable concerns presented in this case,

these policy arguments still do not change the fact that McGrogan's claims fall outside of the mitigation scheme established by Congress. We are powerless to create a judicial exception to the mitigation statute to accommodate him. *See, e.g.*, *United States v. Dalm*, 494 U.S. 596, 602 (1990) (absent a statutory exception, when statute of limitations is expired, "a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in any court."). For these reasons, McGrogan may not use the mitigation statute to avoid the statute of limitations bar.

## 2. Equitable Tolling

McGrogan argues that the doctrine of equitable tolling should allow him to proceed with his untimely claim. This argument overlooks the settled rule that I.R.C. § 6511 prohibits equitable tolling in refund cases. *See United States v. Brockamp*, 519 U.S. 347, 352 (1997) ("Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended 'equitable' exceptions into the statute that it wrote."). Although Congress has amended Section 6511 since *Brockamp*, none of the exceptions listed in the statute of limitations apply to McGrogan's situation. We see no reason to depart from the Supreme Court's instructions in *Brockamp* and therefore reject McGrogan's argument that equitable tolling affords him an exception to the statute of limitations.

18

### 3. Equitable Recoupment

McGrogan's assertion of the doctrine of equitable recoupment is also unpersuasive. When applicable, equitable recoupment may allow a taxpayer to receive a credit for a tax overpayment in a subsequent tax year. *See In re Pransky*, 318 F.3d 536, 544-45 (3d Cir. 2003). However, equitable recoupment is not an independent source of subject matter jurisdiction. *See Dalm*, 494 U.S. at 608. As noted above, unless an exception like mitigation applies, the federal courts lack jurisdiction to adjudicate refund petitions brought after the expiration of the statute of limitations. *See Wolckenhauer*, 215 F.3d at 353-54. As a result, because the District Court had no independent source of jurisdiction, the doctrine of equitable recoupment does not affect the outcome of this case.[6]

---

[6] We continue to be concerned about the possibility of double payment of taxation to the IRS and to the VIBIR in cases such as the ones at issue here. The IRS assured us at oral argument it was willing to participate in the administrative procedure set up by the Tax Implementation Agreement:

> Ms. RUBIN: At this point I don't believe there's any sign that there would be double taxation. We've indicated – the IRS has indicated its willingness to participate in competent authority once it is determined how much taxes are owed.

> Obviously, if a particular taxpayer wins on their challenge, if they prove that they're bon[a] fide Virgin Islands residents and they prove that the income in question was Virgin Islands income, there won't be any double taxation because there won't be any residual U.S. tax liability. But if,

instead, there is determined that, yes, there is U.S. tax liability here because these were not Virgin Islands residents, or their income was not Virgin Islands income and, therefore, not subject to the EDP benefits, then we've indicated, as shown in the record cites I gave you for the Cooper notices of deficiency, that we're willing to go in a competent authority at that point to determine which tax authorities should be getting the money.

The IRS then qualified the above statement:

Ms. RUBIN: I'm not entirely certain what the remedy would be in a situation where someone, unlike the Coopers, failed to do a protective refund claim, failed to take that step to protect their right to go and get money back from the Virgin Islands BIR if, in fact, it is determined that they should have instead paid all of their taxes to [the IRS].

Counsel for the Taxpayers replied to the IRS's argument by pointing out that the protective mechanism of a refund claim was set up in 2006, after the time to file a protective income tax return for calendar years 2001 and 2002 had already closed. Therefore, McHenry and McGrogan could not have taken the protective actions advocated by the IRS.

In view of the statement by the IRS that negotiation would be initiated to prevent double taxation – in the situation we could envisage if, for instance, McGrogan lost his pending case in the Tax Court – we trust that the IRS will live up to its commitment to prevent double taxation.

## IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Courts.