**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3163 & 17-1262
_____

7 ELEVEN INC

v.

KARAMJEET SODHI;
MANJINDER SINGH;
KARAMJIT SINGH;
DOES 1 THROUGH 50 INCLUSIVE

Karamjeet Sodhi,
            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-13-cv-03715)
Honorable Michael A. Shipp, District Judge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2017

Before:  SMITH, *Chief Judge*, NYGAARD, and FUENTES, *Circuit Judges*

(Opinion Filed: August 24, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

In this breach of contract case, Defendant Karamjeet Sodhi[1] challenges the District Court's order granting summary judgment in favor of Plaintiff 7-Eleven, Inc.[2] The District Court properly found that Sodhi violated the franchise agreements when he failed to withhold income taxes, and properly granted summary judgment. Thus, we will affirm.

**I.**

Sodhi operated six 7-Eleven convenience stores in New Jersey, subject to franchise agreements with 7-Eleven.[3] As part of these agreements, Sodhi agreed that he was "solely responsible, and must pay, all other taxes, including sales, inventory, payroll, occupancy, business and income taxes and personal property taxes related to the Store[s]."[4] Sodhi further agreed that 7-Eleven could terminate the franchise agreements if he materially breached them. In order to ensure compliance with this and other requirements, 7-Eleven reserved the right to perform audits.

In November 2011, 7-Eleven conducted an audit of Sodhi's stores and identified financial discrepancies. As a result of this audit and further investigation, 7-Eleven issued Sodhi a Non-Curable Notice of Material Breach and Termination in June 2013, asserting that Sodhi: intentionally failed to report hundreds of thousands of dollars of merchandise sales; secretly used cash illicitly siphoned from the stores to pay workers, some of whom

---

[1] Sodhi is also the cross-complaint plaintiff.
[2] 7-Eleven is also the cross-complaint defendant.
[3] These franchise agreements are materially the same for all six stores, with the exception of store-specific minimum net worth requirements, which need not be addressed in this appeal.
[4] JA 1095 (Franchise Agreement ¶ 21).

were undocumented; did not comply with State and Federal law regarding minimum wage; and failed to pay applicable sales and payroll taxes at all six of his stores.[5]

On June 14, 2013, 7-Eleven sued Sodhi in the United States District Court for the District of New Jersey, seeking declaratory relief that the franchise agreements were properly terminated because of Sodhi's breaches. Sodhi counterclaimed for, *inter alia*, termination of the franchise agreements without proper notice under the New Jersey Franchise Protection Act (NJFPA),[6] and breach of the implied covenant of good faith and fair dealing.[7] The District Court granted 7-Eleven's motion for summary judgment and held that the franchise agreements were properly terminated. This appeal followed.

---

[5] This original notice did not give Sodhi an opportunity to cure his breach, but in October 2014, after litigation had commenced, 7-Eleven sent a supplemental notice which did. 7-Eleven issued Sodhi additional notices of material breach in December 2014 regarding breaches of the minimum net worth requirement.

[6] N.J. Stat. Ann. 56:10-1.

[7] Sodhi also raised counterclaims for violation of the Fair Labor and Standards Act, 29 U.S.C. § 201, and of the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1. *See 7-Eleven, Inc. v. Sodhi*, 2016 WL 3085897 at *1 (E.D. Pa., May 5, 2016). Sodhi does not appeal the grant of summary judgment for those claims.

**II.**[8]

Sodhi appeals, arguing that (1) the District Court abused its discretion by failing to hold oral argument under Local Civil Rule 78.1, (2) the District Court should not have considered a notice of material breach that was not pleaded by 7-Eleven in its complaint, and (3) 7-Eleven breached the franchise agreement's implied covenant of good faith and fair dealing.

*First*, Sodhi's argument that judgment must be reversed because the District Court

---

[8] On May 31, 2016, the District Court granted judgment for 7-Eleven on the counterclaims and Count 8 of the Second Amended Complaint, seeking declaratory judgment against Sodhi, only. In its June 7, 2016 judgment, the District Court granted Plaintiff's request to dismiss its remaining claims, but it did so without prejudice. Sodhi appealed, but on June 26, 2016, by order of this Court, we noted that we appeared to lack jurisdiction because the order was not immediately appealable, and we requested briefing on this issue. On August 8, 2016, the District Court issued a second judgment in this case, certifying its order for immediate appeal under Fed. R. Civ. P. 54(b). Sodhi then filed an amended notice of appeal, on the same day. In light of the Rule 54(b) certification of final judgment, we have appellate jurisdiction over these claims under 28 U.S.C. § 1291. *See, e.g.*, *Cooper v. Comm'r*, 718 F.3d 216, 220 n.5 (3d Cir. 2013) ("In light of the Rule 54(b) certifications of final judgments as to the claims . . . , we have appellate jurisdiction over those claims under 28 U.S.C. § 1291."); *N.J. Turnpike Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 102 n.5 (3d Cir. 1999) ("We conclude that any jurisdictional defects inherent in the District Court's . . . order were cured by the 54(b) certification, and that we therefore have jurisdiction to consider this appeal."); *id.* at 103 ("We have jurisdiction pursuant to 28 U.S.C. § 1291.").

We exercise plenary review over the District Court's grant of summary judgment and apply the same standard that the District Court applies. *See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In evaluating the evidence, a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Shuman*, 422 F.3d at 146 (internal quotations and citations omitted).

4

denied 7-Eleven's request for oral argument clearly fails. The District Court has discretion to determine whether to hold oral argument on a motion.[9] Sodhi fails to cite any precedent from our Court requiring district courts to hold oral argument in particular cases, and we decline to adopt such a rule now.[10] Accordingly, Sodhi's appeal on this basis is meritless.

*Second*, Sodhi argues that the District Court improperly considered 7-Eleven's October 2014 supplemental notice to Sodhi of his breach. Under the NJFPA, a franchisor is required to provide franchisee with sixty days' notice prior to terminating, cancelling, or failing to renew a franchise agreement.[11] While 7-Eleven's June 2013 notice did not provide Sodhi with sixty days' notice of termination, its October 2014 supplemental notice did.[12] Sodhi argues that the District Court could not consider the October 2014 notice, because 7-Eleven did not reference it in its operative complaint. However, under Federal Rule of Civil Procedure Rule 56(c)(1)(A), a party may cite, and the District Court

---

[9] *See* Local Civil Rule 78.1 ("All motions and other applications will be decided on the papers submitted unless: (1) a party requests oral argument and the request is granted by the Judge or Magistrate Judge. . . ."); *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 n.3 (3d Cir.1976).

[10] Sodhi concedes that oral argument is neither required under the Federal Rules of Civil Procedure, nor does the denial of oral argument implicate the Due Process Clause of the Fifth Amendment.

Furthermore, Sodhi never requested oral argument. He argues instead that the District Court erred in denying 7-Eleven's request.

[11] N.J. Stat. Ann. § 56:10-5 (1971) ("It shall be a violation of this act for any franchisor directly or indirectly through any officer, agent, or employee to terminate, cancel, or fail to renew a franchise without having first given written notice setting forth all the reasons for such termination, cancellation, or intent not to renew to the franchisee at least 60 days in advance of such termination, cancellation, or failure to renew").

[12] The supplemental notice also restated the material breaches from the first notice.

may consider, "materials in the record, including depositions, documents, . . . or other materials." 7-Eleven offered the October 2014 Supplemental Notice as evidence and the District Court properly considered it. Thus, this basis for appeal also fails.

*Finally*, Sodhi contends that there are genuine disputes of material fact as to whether 7-Eleven breached the franchise agreements' implied covenant of good faith and fair dealing by targeting his stores for closure. Every contract in the state of New Jersey contains an implied covenant of good faith and fair dealing.[13] This covenant means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the full fruits of the contract."[14] Sodhi argues 7-Eleven targeted Sodhi's franchises for termination because he is a vocal critic of 7-Eleven's franchise management practices. However, "the implied covenant of good faith and fair dealing cannot override an express term in a contract."[15] The evidence before the District Court showed that Sodhi admitted to the failure to pay taxes in violation of the franchise agreements, and Sodhi has not pointed to any evidence he offered below that such failure was cured. As such, 7-Eleven had good cause to terminate the agreement, whatever its motivation in doing so.[16]

---

[13] *See R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.,* 773 A.2d 1132, 1145 (N.J. 2001).

[14] *Id.* (internal citations and quotations omitted). *See also Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.,* 864 A.2d 387 (N.J. 2005) ("A plaintiff may be entitled to relief under the covenant if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose.").

[15] *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126 (N.J. 2001).

[16] Sodhi also raises a number of arguments not briefed in opposition to summary judgement. Because Sodhi did not raise the arguments below, he has waived them and this court will not consider them. *See Union Pac. R.R. Co. v. Greentree Transp. Trucking*

## III.

For the foregoing reasons, we will affirm.

---

*Co.*, 293 F.3d 120, 126 (3d Cir. 2002); *In re City of Phila. Litig.*, 158 F.3d 723, 727 (3d Cir. 1998). To the extent Sodhi's kitchen-sink appeal sought to raise additional bases of appeal that were properly raised below, they are without merit.