EXCAVATION CONSTRUCTION, INC.
NO. ONE CONTRACTING CORP.

v.

Leroy A. QUINN, Commissioner of
Finance of the Government of the
Virgin Islands, Appellant.

No. 81–2205.

United States Court of Appeals,
Third Circuit.

Argued Dec. 8, 1981.

Decided March 17, 1982.

As Amended May 12, 1982.

Donald M. Bouton, Acting Atty. Gen., Alan E. Cobb (argued), Asst. Atty. Gen., Charlotte Amalie, St. Thomas, V. I., for appellant.

Maria Tankenson Hodge (argued), Charlotte Amalie, St. Thomas, V. I., for appellees.

Before HUNTER, VAN DUSEN and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal by the Commissioner of Finance (Commissioner), now Director of the Virgin Islands Bureau of Internal Revenue, from a preliminary injunction entered by the District Court of the Virgin Islands, which stayed the execution of an assessment of Virgin Islands excise taxes. The Commissioner contends that the district court lacked jurisdiction to enjoin the collection of the taxes. The district court con-

sidered and rejected that contention. We affirm.

### I.

Appellees, Excavation Construction, Inc. and No. One Contracting Corp. (taxpayers), are a joint venture licensed to do business in the Virgin Islands. In October 1980, taxpayers received a letter from the Virgin Islands Department of Finance informing them that it had been determined that they were liable for an excise tax deficiency for the year 1978 in the amount of $137,417, plus a penalty in the amount of $34,354. The excise tax assessment was based on equipment which had been brought into the Virgin Islands by taxpayers in connection with construction work being done by them at the Harry S. Truman Airport. The let-ter requested that taxpayers either agree to the finding of a deficiency or file a protest with the Department of Finance within thirty days. Instead, taxpayers initiated this action in the District Court of the Virgin Islands, seeking an order staying the execution of the deficiency assessment. As authority for such an action, taxpayers relied upon 33 V.I.C. § 45. Section 45(a) provides that the Commissioner may make an "arbitrary determination" of the gross receipts or excise tax due by a delinquent taxpayer; section 45(b) provides that a taxpayer against whom an arbitrary determination of excise or gross receipts taxes is made "may file a petition in the Municipal [now Territorial] Court asking that such execution be stayed, pending determination of the actual amount due." [1]

1. 33 V.I.C. § 45 provides, in full:

(a) Every person, partnership, firm, corporation, or other business association failing to file reports or pay the total amount of tax within the time required by this chapter is liable for penalty at the rate of five (5) percent per month or any fraction of a month, but not exceeding 25 percent in the aggregate; Provided, That if the gross receipts tax or excise tax report is not received within 30 days after the due date of such report, the Commissioner of Finance shall make an arbitrary determination of the tax due for the delinquent taxpayer, and after giving him due notice, proceed to collect the tax plus penalties as provided by this chapter. The report shall consist of an estimated amount of tax due and chargeable against the delinquent taxpayer.

(b) When the arbitrary determination of tax due is made, as provided in subsection (a) of this section, the taxpayer shall be billed for said amount and may be proceeded against in any way that any other delinquent taxpayer may be proceeded against, including the levy and attachment and sale of property, whether real or personal; Provided, however, That the taxpayer may file a petition in the Municipal Court asking that such execution be stayed, pending determination of the actual amount due. The Court shall advance such petition and shall hear such relevant evidence as the taxpayer and tax administration authority may produce and shall, in the light of such evidence, arrive at the amount the taxpayer should have paid had he complied with the law. Whereupon, the taxpayer shall be required to pay such amount plus any accrued penalty and Court costs.

Section 45 is part of the chapter dealing with Miscellaneous Excise Taxes, Gross Receipts Taxes and Wharfage and Docking Fees. Section 44 imposes the obligation to file the necessary reports monthly. The Virgin Islands Legislature approved a bill titled "To Close Excise Tax Loopholes" which made a number of revisions in this chapter including amending 45(a) by deleting the words "or excise tax report" from the proviso authorizing arbitrary determinations. Act of October 8, 1979, No. 4359, § 5(b), 1979 V.I.Sess.Laws, at 151. Section 45(b) was left unchanged. The Commissioner has not suggested that the effect of this amendment was to make section 45(b) inapplicable to excise taxes. The Commissioner has not referred in either this appeal or in the proceedings below to the Act of October 8, 1979, and has assumed, in his brief, that § 45(b) remains applicable to both gross receipts and excise taxes.

We also note that by its express terms the Act was not to become effective until "sixty (60) days after the date of enactment or upon the effective date of an act passed by the United States Congress approving the collection of excise taxes in the Virgin Islands as provided herein, *whichever is later.*" Act of October 8, 1979, No. 4359, § 8, 1979 V.I.Sess.Laws, at 153 (emphasis added). A statute passed by Congress in 1980 authorizing appropriations for certain insular areas of the United States contains a section providing that "[a]ny excise taxes levied by the Legislature of the Virgin Islands may be levied and collected as the Legislature of the Virgin Islands may direct as soon as the articles, goods, merchandise, and commodities subject to said tax are brought into the Virgin Islands." Act of March 12, 1980, Pub.L.No.96–205, § 405, 94 Stat. 89. The legislative history referring to that section indicates that its purpose was to allow "any excise

Taxpayers sought a determination that they were not liable for any excise tax on the grounds, as alleged in their petition for stay of execution, that the items upon which the assessment was based had been brought into the Virgin Islands for the sole purpose of the airport construction work in which taxpayers were engaged, that they were "present in the Virgin Islands only temporarily, and will be removed after having served their purpose in construction," that they were "owned or leased and possessed by [taxpayers] at all times material" and "were not brought into the Virgin Islands for disposition in the course of trade or business or for sale," and that "no invoice existed for such items and . . . the items were not consumed by their use in the Virgin Islands." The district court denied the Commissioner's motion to dismiss for lack of subject matter jurisdiction, rejecting the contention that jurisdiction was precluded by 33 V.I.C. § 1691(a), which provides, in relevant part:

> [N]o action for the purpose of restraining the assessment or collection of any internal revenues tax shall be maintained in any court.

Thereafter, the district court granted taxpayer's motion for a temporary stay of execution, ordering that the Commissioner be "enjoined from issuing any writ of execution or notice of levy . . . for the purposes of collecting excise taxes allegedly owed by petitioner for the year 1978 . . . until final disposition of this matter on the merits by judgment or other final order." We have jurisdiction of the Commissioner's appeal from this interlocutory order pursuant to 28 U.S.C. § 1292(a)(1).

## II.

■ Appellant's primary contention is that 33 V.I.C. § 1691(a) by its plain language precludes the district court from en-

tertaining any "action for the purpose of restraining the assessment or collection of any internal revenues tax." The prohibition of section 1691(a), however, is not as absolute as its sweeping language suggests. As noted above, 33 V.I.C. § 45(b) provides that a taxpayer against whom an arbitrary determination of a gross receipts or excise tax deficiency has been made "may file a petition in the Municipal Court asking that such execution be stayed, pending determination of the actual amount due." Section 1691(a) was enacted in 1957; the Act containing section 45(b) was enacted in 1959, and provided that "[a]ny . . . provisions of law which may be in conflict with this Act are hereby repealed." Internal Revenue Act of the Virgin Islands, No. 473, § 3, 1959 V.I.Sess.Laws, at 83. To the extent that section 45(b) may be inconsistent with section 1691(a), section 45(b) would be the operative provision.

■ Appellant contends that although 33 V.I.C. § 45(b) confers jurisdiction on the territorial court (the successor to the municipal court) to stay the execution of an excise tax deficiency assessment, such jurisdiction does not lie in the district court. We cannot accept appellant's argument that would give the territorial court broader jurisdiction than the district court in this type of action. Under section 22 of the Revised Organic Act, the District Court of the Virgin Islands, in addition to its federal question jurisdiction, "shall have general original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this Act upon the inferior courts of the Virgin Islands." 48 U.S.C. § 1612. This action does not fall within one of the categories of cases which the Revised Organic Act places within the exclusive jurisdiction of the ter-

taxes levied by the Virgin Island legislature to be collected when imported goods are brought into the Virgin Islands, rather than 30 days after the end of the month in which they arrive." 126 Cong.Rec. H1228 (daily ed. Feb. 25, 1980); see id. at S2064 (daily ed. Feb. 28, 1980). We need not decide on this appeal whether that

statute provides the approval required by the terms of the Virgin Islands Act of October 8, 1979 because the parties are apparently in accord that section 45(b) continues to give the territorial court jurisdiction to stay execution of assessment of excise taxes.

ritorial court.[2] The Virgin Islands Legislature cannot expand the exclusive jurisdiction of the territorial court beyond the limits set by the Revised Organic Act, or restrict the concurrent jurisdiction of the district court. *Pan American World Airways, Inc. v. Duly Authorized Government of the Virgin Islands*, 459 F.2d 387, 391, 8 V.I. 558, 565 (3d Cir. 1972). Therefore, the Virgin Islands Legislature could not, consistent with the Revised Organic Act, create an exclusive cause of action in the territorial court by its enactment of 33 V.I.C. § 45(b).[3] As we stated in *Pan American*, "If the availability of a remedy under 33 V.I.C. § 45(b) were construed as prohibiting declaratory or injunctive relief in an original action in the district court, that section would conflict with 48 U.S.C. § 1612." 459 F.2d at 391–92, 8 V.I. at 566.[4] *See Luetta Samuel v. Virgin Islands Telephone Corp.*, 12 V.I. 64 (D.V.I.1975). Because a petition to stay the execution of an arbitrary determination of excise tax deficiency can be brought in territorial court,[5] it follows that such a petition can be brought in the district court.

We find it significant that the Virgin Islands Legislature has not chosen to maintain a blanket prohibition against maintenance of suits which would retard the collection of taxes. In the limited circumstances in which section 45 applies, the legislature has approved petitions for stay of execution, to be granted in the discretion of the court, pending a determination of the actual amount due. Since it has authorized persons against whom an arbitrary determi-

---

**2.** 48 U.S.C. § 1613 provides in part:

The inferior courts now or hereafter established by local law shall have exclusive original jurisdiction of all civil actions wherein the matter in controversy does not exceed the sum or value of $500, exclusive of interest and costs, all criminal cases wherein the maximum punishment which may be imposed does not exceed a fine of $100 or imprisonment for six months, or both, and all violations of police and executive regulations, and they shall have original jurisdiction, concurrently with the district court, of all actions, civil or criminal, jurisdiction of which may hereafter be conferred upon them by local law.

**3.** Appellant contends that under his reading of § 45(b), the territorial court would not have exclusive jurisdiction, since the district court would also be able to entertain such actions, with the exception that "one must pay first, then litigate." Reply Brief for Appellant at 3. That exception, however, thoroughly alters the nature of the cause of action. Indeed, suits for tax refunds after payment are authorized by a separate Virgin Islands law, 33 V.I.C. § 1692, and differ from the petitions for stay of execution authorized by 33 V.I.C. § 45(b). Appellant's argument that this system of alternative remedies in territorial and district court is similar to that which Congress has prescribed for the United States Tax Court and the United States district courts is inapposite, since the power of Congress to limit the jurisdiction of the federal courts stands on a different footing than the power of the Virgin Islands Legislature to limit the jurisdiction of the District Court of the Virgin Islands, a creature of federal law.

**4.** We are not here concerned with the power of the Virgin Islands Legislature to limit the jurisdiction of the district court in maintaining actions to restrain the assessment or collection of the territorial income tax. As we noted in *Pan American World Airways, Inc. v. Duly Authorized Government of the Virgin Islands*, 459 F.2d 387, 391 n.2, 8 V.I. 558, 565 n.2 (3d Cir. 1972), 33 V.I.C. § 1691(a), which tracks 26 U.S.C. § 7421, may be construed merely as the Virgin Islands Legislature's exercise of its "power to say at what stage in the collection process [a] case will be ripe for judicial review," and, so construed, would not conflict with 48 U.S.C. § 1612. *See Dudley v. Commissioner*, 258 F.2d 182, 188, 3 V.I. 685, 696 (3d Cir. 1958). In the *Pan American* case, the parties had stipulated that Pan American had paid the relevant income taxes.

**5.** At the time this action was filed, the jurisdiction of the territorial court was limited, in civil actions, to cases "wherein the matter in controversy . . . does not exceed the sum of $50,000." 4 V.I.C. § 76(a). This provision was amended effective October 20, 1981 to increase the territorial court's jurisdiction in civil actions to $200,000. Act No. 4647. Although the amount of taxes at issue in this case exceeds $50,000, appellant seems to suggest that this action could have been brought in territorial court since § 45(b) itself "does not limit a cause of action to any monetary amount." Reply Brief for Appellant at 5.

We believe the issue is not whether this particular action could have been brought in territorial court, but whether this category of action could have been brought there. The cause of action created by § 45(b) is not by its terms restricted to any monetary amount; thus, the monetary jurisdictional limitation on the territorial court does not adversely affect the jurisdiction of the district court to entertain this action.

nation of excise taxes has been made to file a petition for stay of execution in territorial court and the district court has concurrent jurisdiction over such actions, the district court had subject matter jurisdiction over this case. The order of the district court will be affirmed.