FILED

JAN 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDELL DEAN KOPP,

Defendant - Appellant.

No. 10-30310

D.C. No. 1:08-cr-00153-RFC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted December 6, 2011
Seattle, Washington

Before: TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

Wendell Dean Kopp ("Kopp") appeals his jury conviction for conspiracy to

possess with intent to distribute and distribution of methamphetamine, in violation

of 21 U.S.C. §§ 846 and 841(a)(1), possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

possession of firearms used in furtherance of the drug trafficking offenses, in violation of 18 U.S.C. §§ 924(c)(1) and (2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Kopp's motion to suppress. The totality of the circumstances supported Kopp's stop and detention. The stop was justified by articulable facts which, combined with Officer Michael Gilluly's training and experience as a police officer, created a reasonable suspicion of criminal activity. *United States v. Johnson*, 581 F.3d 994, 999 (9th Cir. 2009).

The district court's decision to withhold certain pages of Kristy Cota's informant files after conducting an *in camera* review did not constitute clear error. We have independently reviewed the two informant files and agree that the withheld pages contained immaterial information that is unrelated to the alleged conspiracy. *United States v. Van Brandy*, 726 F.2d 548, 551 (9th Cir. 1984). There was no violation of *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

The district court addressed the appropriate factors and correctly weighed the potential for prejudice when it provided a limiting instruction and admitted evidence under Federal Rule of Evidence 404(b) that Kopp was arrested for possession of methamphetamine and drug paraphernalia approximately five weeks

before the beginning of the charged conspiracy. *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).

The district court did not commit plain error in allowing DEA Special Agent Daniel Dunlap to testify that the items seized from Kopp during the September and November 2008 arrests were tools of the trade of a methamphetamine drug distributor because the testimony neither affected Kopp's substantial rights nor the fairness, integrity, or public reputation of the trial. *United States v. Gomez-Norena*, 908 F.2d 497, 500-02 (9th Cir. 1990). Agent Dunlap's testimony constituted a small portion of an otherwise strong case against Kopp.

Finally, the district court did not commit plain error in failing to instruct the jury *sua sponte* that withdrawal is a defense to *Pinkerton* liability. *Pinkerton v. United States*, 328 U.S. 640 (1946). Kopp had the initial burden of showing that his actions warranted a withdrawal instruction, *United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992), and the evidence at trial did not indicate that Kopp disavowed the unlawful goal of the conspiracy, affirmatively acted to defeat the purpose of the conspiracy, or took definite, decisive, and positive steps to disassociate himself from the conspiracy. *United States v. Kilby*, 443 F.3d 1135, 1139 (9th Cir. 2006). In light of Kopp's failure to withdraw from the conspiracy and the testimony at trial regarding the extensive nature of the drug distribution

3

enterprise, Kopp's substantial rights were not affected by the district court's failure to instruct the jury on the withdrawal defense.

**AFFIRMED.**