**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LOUIS MILTON WILLIS and GERARD CASTOR, Defendants**

Case Nos. ST-14-CR-074, ST-14-CR-075

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

November 10, 2014

TRESTON MOORE, ESQ., St. Thomas, USVI, *For the Defendant Louis Milton Willis*.

DARREN JOHN BAPTISTE, ESQ., St. Thomas, USVI, *For the Defendant Gerard Castor*.

66

DENISE GEORGE COUNTS, ESQ., Office of the Attorney General, St. Thomas, USVI, *For The People*.

DUNSTON, *Judge*

## MEMORANDUM OPINION

(November 10, 2014)

Before the Court are Defendant Louis Milton Willis's March 25, 2014, Motion to Dismiss; Defendant Willis's April 2, 2014, Motion for a Bill of Particulars; and the People's July 15, 2014, Motion to Amend Information. Defendant Willis is charged with gross receipt tax violations pursuant to 14 V.I.C. § 11 and 33 V.I.C. §§ 1522, 1523 and 1525(2).

Defendant Willis seeks to dismiss the allegations against him on the grounds that this Court lacks subject matter jurisdiction over income tax matters.[1] The People argue in their April 16, 2014, Opposition that "[t]he Information charges Defendants with violations of laws pertaining to gross receipt taxes,"[2] not income tax violations. In his June 13, 2014, Reply, Willis reiterates his contention that the crimes he is charged with "may not be prosecuted in the Superior Court."[3]

Defendant Willis also filed a Motion for a Bill of Particulars, requesting that the Court order the People to provide certain specifications in order to "protect him from subsequent charges" and for "preparation for trial and his defenses."[4] The People's April 24, 2014, opposition argues that the Willis's request is "well beyond what the People are required to provide."[5]

---

[1] Defendant Willis's March 25, 2014, Motion to Dismiss (Lack of Jurisdiction) with Points and Authority.

[2] People's April 16, 2014, Opposition to Defendant Willis's Motion to Dismiss (Lack of Jurisdiction), p. 2.

[3] Defendant Willis's June 13, 2014, Reply to Opposition to Motion to Dismiss with Points and Authorities, p. 2.

[4] Defendant Willis's April 2, 2014, Motion for a Bill of Particulars with Points and Authorities, p. 1.

[5] People's April 24, 2014, Opposition to Defendant Willis's Motion for Bill of Particulars, p. 1.

The People seek to amend the February 24, 2014, Information to "sufficiently track the language of the statutes underlying the charges providing more clarity."[6]

Because the Court finds that it has jurisdiction over matters involving gross receipt tax returns, Defendant Willis's Motion to Dismiss is denied. Because the elements necessary to prove tax evasion differ with the various methodologies, the Court orders the People to provide Defendant Willis with a Bill of Particulars detailing the method of proof it will apply. Lastly, although the Information is otherwise sufficient, the People may amend it to more specifically reflect the charges.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Louis Milton Willis is the former director of the Virgin Islands Bureau of Internal Revenue. In Count 1, conspiracy to evade or defeat tax, gross receipts, the People allege that Willis provided his codefendant, Gerard Castor, president of Balbo Construction, Inc., with tax clearance letters despite Balbo's failure to pay gross taxes owed and file gross tax returns in violation of 33 V.I.C. § 1522. In Count III, aiding and abetting a willful failure to collect or pay over tax, gross receipts in violation of 33 V.I.C. § 1523,[7] and in Count V, aiding or assisting fraud and false statements in violation of 33 V.I.C. § 1525(2), the People allege that, after leaving the VIBIR, Willis intentionally understated the gross tax liability in gross tax receipts tax filings he prepared on behalf of Balbo.

## STANDARD OF REVIEW — MOTION TO DISMISS — SUBJECT MATTER JURISDICTION

■ "Superior Court Rule 128(a), and not Federal Rule of Criminal Procedure 12, governs pre-trial motions in the Superior Court".[8] Although Superior Court Rule 128(a) requires "[a]ll pre-trial motions [to] be made prior to the motion deadline established by the court," "[a] litigant may

---

[6] People's July 15, 2014, Motion to Amend Information.

[7] Defendant Willis is also charged with violating 14 V.I.C. §11, which contains the elements of aiding and abetting. As this charge is not challenged by either party, it will not be addressed further here.

[8] *Tindell v. Virgin Islands*, 56 V.I. 138 (V.I. 2012) ("[This is so] even if Superior Court Rule 128(a) provides a less comprehensive framework than Federal Rule of Criminal Procedure 12") (citing *Corraspe v. People*, 53 V.I. 470, 481-82 (V.I. 2010)).

challenge the Superior Court's jurisdiction at any time, even for the first time on appeal."[9] The Superior Court has subject matter jurisdiction over criminal matters that:

(1) arise from the Virgin Islands, and
(2) involve violations of Virgin Islands criminal statutes.[10]

## STANDARD OF REVIEW — BILL OF PARTICULARS

■ Unlike an Information, which need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged,"[11] a bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or prosecutor".[12] While "a bill of particulars cannot save an invalid [Information],"[13] it may be used to "inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."[14] In short, "if an Information is otherwise sufficient, a bill of particulars may be granted to inform defendant of the *details* of the offense charged."[15]

---

[9] *Id.* at 146.

[10] *Id.* at 147.

[11] FED. R. CRIM. P. 7(c)(1).

[12] BILL OF PARTICULARS, BLACK'S LAW DICTIONARY (9th ed. 2009).

[13] *Bigby v. Govt. of the V.I.*, 125 F. Supp. 2d 709, 717 (D.V.I., App. Div. 2000) (quoting *Russell v. United States*, 369 U.S. 749, 770, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962)); see also *Govt. v. Pemberton*, 813 F.2d 626, n. 8 (3d Cir. 1987) ("[A] bill of particular is not part of an indictment or Information and can neither add to nor subtract from the indictment nor change the crime charged") (citation omitted). Though not addressed here, "the Revised Organic Act of 1954 does not require a grand jury indictment and explicitly authorizes prosecution by Information, [but] it is well established that the Government may, at its discretion, choose to prosecute an offense by indictment, even if it is not mandated to do so." *Rivera-Moreno v. Govt. of the V.I.*, 61 V.I. 279, 288, n. 2 (V.I. 2014) (citations omitted). The same standard of review would apply to request for a bill of particulars when the accused has been charged via an indictment.

[14] *United States v. Haddow*, Crim. No. 2012-35, 2013 U.S. Dist. LEXIS 69943 (D.V.I. 2013) (quoting *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)).

[15] *Pemberton*, at 626, n. 8 (citations omitted) (emphasis added).

■ "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits,"[16] and the request is granted when "an [Information] significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial".[17]

## STANDARD OF REVIEW — MOTION TO AMEND INFORMATION

■ "[T]he Superior Court 'may permit an Information to be amended at any time before the verdict,' [unless] 'an additional or different offense is charged or a substantial right of the defendant is prejudiced.' "[18]

## DISCUSSION

### I. Willis's Motion to Dismiss

Willis contends that he is charged with violating the Virgin Islands income tax laws and, because the Superior Court lacks jurisdiction over that subject matter, the allegations against him should be dismissed.[19] The People respond that the charges involve violations of gross receipt tax laws, not income tax laws.[20]

### A. THE INFORMATION ALLEGES VIOLATIONS OF VIRGIN ISLANDS GROSS RECEIPT TAX LAWS, NOT FEDERAL INCOME TAX LAWS.

Willis states that he is charged with " 'conspiracy to evade or defeat a tax imposed by the Virgin Islands income tax law' . . . in violation of 33 V.I.C. § 1522 [and] . . . aiding and abetting . . . to violate the Virgin Islands income tax law in violation of 33 V.I.C. [§§ 1523 and 1525(2)]."[21] He appears to argue that the Information only charges him with violating income tax laws, and because these laws are within the exclusive jurisdiction of the federal courts, the allegations against him must be dismissed.

---

[16] FED. R. CRIM. P. 7(f).

[17] *Urban*, 404 F.3d at 771.

[18] *Elizee v. V.I.*, 54 V.I. at 478 (V.I. 2010) (*quoting* FED. R. CRIM. P. 7(e)).

[19] Defendant Willis's Motion to Dismiss.

[20] People's Opposition to Defendant's Motion to Dismiss.

[21] Defendant Willis's Motion to Dismiss, pp. 1-2, quoting the February 24, 2014, Information.

■ ■ A "sufficient" Information must: (1) "contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend," and (2) "enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[22] The Information "should be read 'in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied'."[23] "[Informations] are read for their clear meaning and convictions will not be reversed because of minor deficiencies which do not prejudice the accused."[24]

The Information, when read as a whole, clarifies the counts of which Willis complains. Count I alleges that "Willis . . . conspired to evade or defeat a tax imposed by the Virgin Islands income tax law, to wit: *gross receipt taxes*" Count III alleges that "Willis[ ] aided and abetted Gerard Castor . . . to collect or truthfully account for and pay over taxes by willfully failing to file *gross receipt tax returns*," and Count V alleges that "Willis prepared or caused the preparation and presentation . . . of false or fraudulent *gross receipt tax returns*".[25]

■ The Court and the accused can also look to extraneous sources referenced in the Information for clarity as to the charges.[26] Willis is charged with violating 33 V.I.C. §§ 1522, 1523 and 1525(2).[27] Section 1522 is violated when "two or more persons conspire to evade or defeat

---

[22] *Charles v. People*, 60 V.I. 823 (V.I. 2014) (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 108, 127 S. Ct. 782, 166 L. Ed. 2d 591 (2007)) (further citation omitted) (edits removed for clarity).

[23] *Charles*, 60 V.I. at 837 (quoting *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007)) (further citation omitted).

[24] *Charles*, 60 V.I. at 837 (summarizing — and persuaded by — the holding of *United States v. Vidaure*, 861 F.2d 1337, 1341 (5th Cir. 1988)). Note that "the filing of an Information in the Virgin Islands is the full equivalent of the presentment of an indictment by a grand jury." *Rivera v. Govt. of the V.I.*, 375 F.2d 988, 991 (3d Cir. 1967) (citation omitted); *see also* 5 V.I.C. § 3581(a) ("Every felony and every criminal action in the district court shall be prosecuted by Information") *and* Section 25 of the Revised Organic Act of 1954 ("All offenses shall continue to be prosecuted . . . by Information . . . except such as may be required by local law to be prosecuted by indictment by grand jury"). Thus, the Court is persuaded by case law that clarifies the sufficiency of either or both an indictment or an Information.

[25] Emphasis added.

[26] *Charles*, 60 V.I. at 837 ("[S]ources in the Information extrinsic to the specific count can be used to determine whether the defendant was sufficiently apprised of the offense charged") (citations omitted).

[27] February 24, 2014, Information.

any tax imposed *by this subtitle* or by the Virgin Islands income tax law."[28] Section 1523 is violated when one who is "required *by this subtitle* or the Virgin Islands tax law to collect, account for, and pay over *any tax imposed by this subtitle* or the Virgin Islands income tax law, willfully fails to collect or truthfully account for and pay over such tax."[29] And Section 1525(2) is violated when one "willfully aids or assists in . . . *any matter arising under[ ] the internal revenue laws*, of a return . . . which is fraudulent or is false as to any material matter". Chapter 3 of Title 33 addresses gross receipts taxes, and, like Sections 1522, 1523 and 1525(2), is within Subtitle 1 of the internal revenue laws of the Virgin Islands. Therefore, Sections 1522, 1523 and 1525(2) encompass violations of many Virgin Islands tax requirements, including gross receipts and income tax abuses. Therefore, the Information is sufficient because it fairly informs the defendant — both on its face and by references to external sources — of the charges against which he must defend. The Information charges Defendants with violating our gross receipts tax laws, and an acquittal or conviction of these charges will bar future prosecution for the same offenses.

## B. Gross Receipt Taxes Are Not Income Taxes.

██ ██ Defendant Willis's motion to dismiss is premised on the Court's lack of jurisdiction over income tax violations, while he is, in fact, charged with violating the gross receipts tax laws. Income taxes are paid by individuals or entities in proportion to their net income, *after deductions*,[30] while gross receipts taxes are derived from "all receipts, cash or accrued, of the taxpayer for services or derived from trade, business, commerce or sales, and the value accruing from the sale of tangible personal property or services, or both . . . *without any deduction*

---

[28] Emphasis added.

[29] Emphasis added.

[30] INCOME TAX (within TAX), BLACK'S LAW DICTIONARY (9th ed. 2009) ("A tax on an individual's or entity's net income"); *see also* 26 U.S.C. § 932, Coordination of United States and Virgin Islands income taxes, and NET INCOME (within INCOME), BLACK'S LAW DICTIONARY (2009) ("Total income from all sources minus deductions, exemptions, and other tax reductions") (emphasis added).

on account of . . . any other expenses whatsoever".[31] In 1984, Congress clarified the distinction between the federal and territorial tax, providing that "[t]he taxes imposed by . . . any territory . . . shall be treated as local taxes."[32] The Virgin Islands gross receipts taxes were fashioned through the 1956 Internal Revenue Act of the Virgin Islands, approved January 27, 1956,[33] while income taxes were established here by the Naval Service Appropriations Act of 1922.[34] Although these taxes are both Virgin Islands internal revenue taxes[35] subject to Virgin Islands internal revenue

---

[31] 33 V.I.C. § 43 (b) (emphasis added). *See also* 3 V.I. Op. Att'y Gen. 186 ("Gross receipts include the gross earnings without deduction for any expenses, costs of operation, services, etc.") (citations omitted).

[32] Pub. Law 98-454 98th Cong., 1985-1 C.B. 410 (I.R.S. 1984).

[33] This is a local action taken by our local legislature. It was superseded by The Internal Revenue Act of the Virgin Islands, which was approved on October 12, 1956. Although this act "was to expire on June 30, 1957, [Chapter 3 (which includes gross receipts taxes)] continues that act as a permanent part of the general laws of the Virgin Islands." 33 V.I.C., Chapter 3, Notes.

[34] "The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States". The Naval Service Appropriations Act of 1922 was a federal action taken by the federal government. 48 U.S. CODE § 1397. *See also* VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, TAX STRUCTURE BOOKLET OF THE U.S. VIRGIN ISLANDS (2012), www.vibir.gov (last visited on October 22, 2014), which points out that the Virgin Islands income tax laws are derived from federal sources ("[T]he income tax provisions of the [Internal Revenue Code], the Treasury Regulations promulgated thereunder, and Revenue Rulings and Revenue Procedures issued by the Internal Revenue Service (the IRS) are generally applicable in the Virgin Islands with certain limitations") (Although the Virgin Islands Bureau of Internal Revenue cites no authority in its booklet, *see Cooper v. C.I.R.*, 718 F.3d 216, 223, 58 V.I. 804 (3d Cir. 2013) (relative application of the IRC to the Virgin Islands), *United States v. Edwards*, No. Crim. 2010-36, 2012 U.S. Dist. LEXIS 61445, *70 (D.V.I. 2012) (history omitted) (applying IRC Treasury Regulations in the Virgin Islands) and *Chase Manhattan Bank, N.A. v. Gov't of Virgin Islands of U.S.*, 173 F. Supp. 2d 386, 389 (D.V.I. 2001) (history omitted) (regulations and revenue rulings)).

[35] 33 V.I.C. § 1931 (7) (" '[I]nternal revenue taxes' means any tax imposed by this subtitle (except the provisions of chapter 7[, Stamp Taxes] of this title) and the Virgin Islands income tax law, and the provisions of article 11, chapter 21, Title 32[, Virgin Islands Casino and Resort Control Act of 1995] of the Virgin Islands Code" (emphasis added)). *Also see* 33 V.I.C. § 1931 (15) (" 'Virgin Islands income tax law' means so much of the United States Internal Revenue Code as was made applicable in the Virgin Islands by the Act of Congress entitled 'An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes,' approved July 12, 1921").

laws,[36] they are not the same taxes. Defendant Willis's argument that the charges against him should be dismissed because the Superior Court lacks jurisdiction over income tax matters mischaracterizes the matter before the Court.

### C. The Mirror Code Does Not Bar Prosecution of This Matter in the Superior Court.

 Defendant Willis contends that he is charged with crimes that reflect the federal tax code, and "mirrored tax crimes may not be prosecuted in the Superior Court . . . if only due to the federal need for a consistent interpretation of federal criminal tax law".[37] First, the local courts have absolutely no jurisdiction over — and little influence concerning — matters within the federal courts, aside from their contributions to the local rules of decision when federal law is not controlling.[38] The local courts need not be concerned about the "needs"

---

[36] 33 V.I.C. § 1931 (6) (" '[I]nternal revenue laws' means the provisions of this subtitle (except the provisions of chapter 7[, Stamp Taxes] of this title) *and* the provisions of the Virgin Islands income tax law, and the provisions of article 11, chapter 21, Title 32[, Virgin Islands Casino and Resort Control Act of 1995] of the Virgin Islands Code" (emphasis added)). *Also see* 33 V.I.C. § 1931 (15).

[37] Defendant Willis's reply to the People's opposition to the motion to dismiss, pp. 2-3. Willis's arguments here and throughout his motions are not supported by any legal authority or actual discussion. Although only the Superior Court is required to conduct *Banks* analyses, litigants are reminded of the requirements of LRCi 11.1. By signing a motion or supporting memoranda, an attorney certifies that the applicable law in this jurisdiction has been cited, including authority for or against the position being advocated by counsel. LRCi 11.1(a). Therefore, parties are singularly reminded that, in the absence of discussion addressing: (I) whether cited authority is binding upon this Court *or* presented as persuasive authority; and (2) why the Court should adopt this view as the "appropriate . . . rule based on the unique characteristics and needs of the Virgin Islands" *and* the parties, the Court may strike motions and responses as fatally deficient. *Govt. v. Connor*, 60 V.I. 597, 603 and LRCi 11.1; *see also* Virgin Islands Rules of Professional Conduct Rule 211.3.1, Meritorious Claims and Contentions ("A lawyer shall not . . . assert or controvert an issue . . . unless there is a basis in law and fact for doing so . . . which includes a good faith argument for an extension, modification or reversal of existing law") and *Cacciamani and Rover Corp. v. Banco Popular De Puerto Rico*, 61 V.I. 247, 251, n. 2 (V.I. 2014) (citing *Benjamin v. Coral World V.I., Inc.*, Super. Ct. Civ. No. 294/2013 STT, 2014 V.I. LEXIS 35, n. 38 (V.I. Super. Ct. 2014)) (warning litigants that simply citing the Restatements and other non-binding authorities without any discussion of *Banks* may result in sanctions).

[38] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 819, 82 L. Ed. 1188 (1938). However, as discussed below, our Legislature has the authority to grant exclusive jurisdiction of local matters to the local courts, unless jurisdiction lies exclusively elsewhere.

of the federal courts. Instead, when determining the laws of our territory the Court considers "the best rule *for the Virgin Islands . . .* based on the unique charactenstics and needs *of the Virgin Islands*."[39]

 Secondly, as discussed below, jurisdiction over Virgin Islands gross receipt tax matters is not exclusive to the federal courts. "Congress designed Virgin Islands tax law to mirror the tax laws in effect on the mainland" and "as a result of this legislation, the words 'Virgin Islands' are substituted for the words 'United States' throughout the Internal Revenue Code."[40] "Under this 'Mirror Code', the provisions of the Internal Revenue Code and its accompanying regulations apply to taxes levied in the Virgin Islands *except where displaced by local law*."[41] Chapter 3 of the Title 33, Taxation and Finance, of the Virgin Islands Code deals exclusively with local tax matters,[42] and it is not "mirrored" from the federal tax laws. And even if our gross receipts tax laws mirrored those of the Internal Revenue Code, that alone would not prohibit prosecution within this Court. Therefore, the Mirror Code does not prevent prosecution of this matter by the Superior Court.

### D. *BIRDMAN* IS NOT APPLICABLE BECAUSE THAT MATTER DEALS WITH INCOME TAXES.

 Willis appears to argue that the Third Circuit held in *Birdman v. Office of the Governor*[43] that this Court lacks jurisdiction over gross receipts tax matters. However, gross receipts are not even addressed in *Birdman*. Instead, the Third Circuit clarified that the District Court of the Virgin Islands has " 'exclusive jurisdiction' over proceedings 'with respect to the income tax laws applicable to the Virgin Islands' ".[44] This

---

[39] *Connor*, 60 V.I. at 603 (citation omitted) (emphasis added).

[40] *Patterson v. United States Virgin Islands*, CV 2010-126, 2014 U.S. Dist. LEXIS 17808, at *2 (D.V.I. 2014) (citations omitted).

[41] *Id.*

[42] 33 V.I.C. § 41, Imposition of taxes ("There shall be levied upon, collected from, and paid by individuals and firms, corporations, and other associations doing business *in the Virgin Islands*, the taxes provided for in this chapter, which taxes shall be computed in proportion to the extent of the business done *in the Virgin Islands* with respect to the pertinent transactions" (emphasis added)).

[43] 677 F.3d 167, 56 V.I. 973 (3d Cir. 2012).

[44] *Id.* at 177 (*citing* 48 U.S.C. § 1612(a)); *Bryan v. Fawkes*, 61 V.I. 201, 219 (V.I. 2014) ("[T]he District Court continues to possess 'exclusive jurisdiction overall criminal and civil

"exclusive" jurisdiction is not without limits, because the Third Circuit also clarified that the Virgin Islands District Court's exclusive jurisdiction over income tax matters is only exclusive "as against local courts in the Virgin Islands."[45] Thus, while the Superior Court lacks the jurisdiction to hear a Virgin Islands income tax matter, other federal courts, when appropriate, may.[46]

 Additionally, the concerns addressed by the federal court in *Birdman* regarding income taxes are not parallel to concerns of our jurisdiction regarding local gross receipts taxes. Unlike income taxes, the Virgin Islands gross receipts laws are not "analogous to a federal tax"[47] and subject to the federal courts "uniformity of interpretation"[48] concerns. And even if gross receipts tax matters were analogous to a federal tax, the Third Circuit acknowledged that "exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule."[49] Therefore, *Birdman* has no bearing on the Superior Court's authority to hear matters involving local taxes on gross receipts.

### E. CASE LAW SUPPORTS SUPERIOR COURT CONCURRENT JURISDICTION OVER GROSS RECEIPTS TAXES.

 In 1972, the Third Circuit Court of Appeals held that 33 V.I.C. § 45(b), which "provides for judicial review of an arbitrary assessment [by the Commissioner of Finance] of gross receipts taxes in municipal

---

proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands' ") (quoting 48 U.S.C. § 1612(a)). Even "[t]he U.S. Tax Court does not have jurisdiction to hear tax cases arising under the income tax laws applicable in the Virgin Islands." VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, TAX STRUCTURE BOOKLET OF THE U.S. VIRGIN ISLANDS (2012), www.vibir.gov (last visited on October 22, 2014); *WIT Equip. Co., Inc. v. Dir., Virgin Islands Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 503 (D.V.I. 2001) ("Under the federal code, the U.S. Tax Court has jurisdiction over [income tax] redetermination actions" but "[p]etitions for [income tax] redetermination of Virgin Islands tax deficiencies, however, must be brought in the District Court of the Virgin Islands").

[45] *Id.*

[46] *Birdman v. Office of the Governor*, 677 F.3d 167, 177, 56 V.I. 973 (3d Cir. 2012) (on appeal from D.V.I.).

[47] *Id.* at 177.

[48] *Id.* (*citing* 130 Cong. Rec. 23, 782, 23, 789 (daily ed. Aug. 10, 1984)).

[49] 677 F.3d at 176 (citing *Charles Dowd Box Co.*, 368 U.S. 502, 82 S. Ct. 519, 7 L. Ed. 2d 483).

court," "is not a limitation on the jurisdiction of the district court."[50] The Third Circuit held that the District Court had concurrent jurisdiction via the Organic Act[51] to review appeals of municipal court decisions regarding "arbitrary assessments in cases of delinquencies," "[original] judicial review of the Commissioner's computations . . . for delinquent taxpayers," and "for judicial review by nondelinquent taxpayers".[52] The Third Circuit Court of Appeals reiterated in *Quinn* in 1982 that, pursuant to 33 V.I.C. § 45, the District Court shares jurisdiction with the "inferior courts" to review petitions requesting a stay of execution[53] to collect delinquent gross receipts taxes "pending determination of the actual amount due."[54]

In 1984, Congress modified the jurisdiction of the Virgin Islands District Court, but this change had no effect on the concurrent jurisdiction of the local and District Court over matters arising under 33 V.I.C. § 45. Twenty-eight (28) years after the jurisdictional changes, in 2012, the Third Circuit stated in *Birdman* that it had already "resolved numerous disputes about the overlap in jurisdiction between the District Court and the [Superior] Court" in both *Quinn* and *Pan Am*, affirming its previous findings of concurrent jurisdiction between these courts to hear petitions regarding gross receipts tax matters. *Birdman, Pan Am* and *Quinn* support concurrent jurisdiction between the Superior and District Court regarding other gross receipt concerns.

---

[50] *Pan Am. World Airways, Inc. v. Duly Authorized Gov't of Virgin islands*, 459 F.2d 387 (3d Cir. 1972)

[51] Discussed in further detail below.

[52] *Id.* at 392 (*citing* to 33 V.I.C. § 45 and 48 U.S.C. § 1612). Although *Pan Am.* does not address the Superior Court's jurisdiction to hear challenges by nondeliquent taxpayers, because this power to review is not expressly granted to either the District or the local courts, these courts share concurrent jurisdiction over that subject matter.

[53] *Excavation Const. No. One Contracting Corp. v. Quinn*, 673 F.2d 78, 81 (3d Cir. 1982) ("Because a petition to stay the execution of an arbitrary determination of [gross receipts or excise] tax deficiency can be brought in territorial court, it follows that such a petition can be brought in the district court").

[54] *Id.* at 79.

## F. THE REVISED ORGANIC ACT AND STATUTORY LAW SUPPORT SUPERIOR COURT CONCURRENT JURISDICTION OVER GROSS RECEIPTS TAXES.

██ ██ The District Court of the Virgin Islands "does not derive its jurisdiction, as do other federal courts, from Article III".[55] Instead, Article IV of the United States Constitution "authorizes Congress to regulate the various U.S. territories," and this power is excised over the Virgin Islands through the Revised Organic Act.[56] "Under the judiciary subchapter of the [Revised] Organic Act [of 1954] . . . [Congress gave the] District Court of the Virgin Islands . . . both federal question jurisdiction and general original jurisdiction in all . . . causes in the Virgin Islands except in those cases where Congress has placed exclusive jurisdiction elsewhere."[57] However, when Congress amended the Revised Organic Act in 1984,[58] it "refashioned the jurisdiction of the V.I. District Court."[59] Congress bestowed upon the Virgin Islands District Court "the jurisdiction of an Article III District Court of the United States, though it remains an Article IV Court."[60] While the District and the Superior Court now share concurrent jurisdiction over matters not expressly vested in the federal courts,[61] including over gross receipts taxes, the Virgin Islands Legislature [now has the power to] vest jurisdiction over Virgin Islands tax matters in the local courts."[62] "These amendments, however, were not

---

[55] *Parrott v. Gov't of Virgin Islands*, 230 F.3d 615, 623, 43 V.I. 277 (3d Cir. 2000) (citing *United States v. George*, 625 F.2d 1081, 1088, 17 V.I. 624 (3d Cir. 1980)). In fact, "[b]efore the 1984 amendments [to the Revised Organic Act], the District Court considered itself a local court." *Id.*

[56] *Parrott*, 230 F.3d. at 622-623 (citing *Binns v. United States*, 194 U.S. 486, 491, 24 S. Ct. 816, 48 L. Ed. 1087 (1904)) (originally the Organic Act, first revised in 1954).

[57] *Pan Am. World Airways, Inc. v. Duly Authorized Gov't of Virgin Islands*, 459 F.2d 387, 391, 8 V.I. 558 (3d Cir. 1972) (citing 48 U.S.C. § 1612).

[58] Before the 1984 amendments, the Third Circuit stated that "[t]he general grant of legislative power, 48 U.S.C. § 1574, may not be construed as permitting the legislature to limit the jurisdiction of the district court." *Pan Am*, 459 F.2d 387 at 391 (citing 48 U.S.C. § 1612).

[59] *Birdman* at 175.

[60] *Id.* (citing *Parrott*, 230 F.3d. at 619).

[61] *Birdman*, 677 F.3d at 175.

[62] *Birdman*, 677 F.3d at 176 (citing *Dowd*, 368 U.S. at 507-08). For example, "the District Court's jurisdiction over purely local criminal offenses was not reduced until January 1, 1994, when the Virgin Islands Legislature amended section 76(b) of title 4 of the Virgin

self-executing,"[63] and, to date, the Virgin Islands Legislature has not wrested jurisdiction from the District Court over gross receipts. Therefore, the Superior Court continues to have concurrent jurisdiction over local gross receipts tax matters.

 Additionally, "the relationship between the District Court and the Superior . . . Court, both of which are Article IV courts, now somewhat resembles the relationship between Article III federal district courts and state courts."[64] In fact, "if the Virgin Islands were a state and the district court were an Article III court, [the district court] could not enjoin, suspend or restrain the assessment, levy or collection of the tax."[65] Congress has, over time, begun to empower the Virgin Islands with independence similar to that of a state,[66] a move that supports the Superior Court's authority in this matter.

### G. COMMON SENSE DICTATES THAT LAWS EMANATING FROM THE VIRGIN ISLANDS LEGISLATURE AND SIGNED INTO LAW BY THE GOVERNOR OF THE VIRGIN ISLANDS THAT RELATE TO A PURELY LOCAL TAX SHOULD BE INTERPRETED AND ENFORCED LOCALLY.

 As explained in detail above, the Superior Court has concurrent subject matter jurisdiction over criminal matters that arise from and

---

Islands Code to vest the Superior Court with original jurisdiction over all local criminal offenses". *Rivera-Moreno*, 61 V.I. at 305 (citations omitted). And "in 1991, the legislature, acting pursuant to its authority under the Revised Organic Act, amended section 76(a) of title 4 of the Virgin Islands Code to vest the Superior Court with original jurisdiction over all civil actions." *Fawkes*, 61 V.I. at 219.

[63] *Rivera-Moreno*, 61 V.I. at 304-305 .

[64] *Birdman*, 677 F.3d at 175.

[65] *Pan Am.*, 459 F.2d at 390; *see also* 28 U.S.C. § 1341, Taxes by States ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State"). Although the Third Circuit stated in *Pan Am* that "[t]here is no indication that Congress intended that the district court, in the exercise of . . . its . . . original Virgin Islands jurisdiction should be subject to the strictures of 28 U.S.C. § 1341," it is unclear how or even if the December 13, 2012, changes by Congress to Section 23 of the Revised Organic Act via Public Law 112-226 will impact the "relations between the [District and local] courts" regarding local tax matters.

[66] *See, for example*, PL 112-226 [HR 6116] (Dec. 28, 2012) (providing that "final judgments or decrees rendered by the Supreme Court of the Virgin Islands may be reviewed by the Supreme Court [of the United States] by writ of certiorari," when previously these matters were subject to review by the Third Circuit Court of Appeals).

involve violations of the Virgin Islands local taxes on gross receipts. Because our Legislature can only determine[67] — but not create[68] — jurisdiction over local matters, reasonableness dictates that alleged violations of local laws should be determined by our local courts, with an eye toward what is best for the people of the Virgin Islands.[69]

## II. Willis's Motion for a Bill of Particulars

In his untimely motion, Defendant Willis moves the Court to require the Government to produce a bill of particulars "to protect him against subsequent charges resulting from the same underlying conduct and to answer particular questions," alleging that "the answers thereto [are] necessary for [his] preparation for trial and his defenses".[70] The Government responds that "Defendant is essentially requesting that the People lay out its entire case . . . for his review, which is well beyond what the People are required to provide" and that "the People provided more than enough Information in the charging documents to sufficiently appraise the Defendant of the charges against him and the basis of said charges in order that he may present a defense."[71] The Court has already addressed the sufficiency of the Information. Therefore, the Court will analyze whether Willis may be granted a bill of particulars to inform him of the details of the offenses charged.

 Defendant alleges that he is "without Information sufficient to prepare his defense," such as "more specific Information on which acts were allegedly attributable to [him] and . . . when each occurred in time" because "the offenses at issue herein . . . all appear to be governed by a six (6) year statute of limitations."[72] Willis is charged with conspiring with — and aiding and abetting — Defendant Castor in evading or defeating and failing to collect or pay over taxes on gross receipts, as well

---

[67] Revised Organic Act, 1984 Amendments.

[68] Article IV of the United States Constitution "authorizes Congress to regulate the various U.S. territories," and this power is excised over the Virgin Islands through the Revised Organic Act.

[69] *Connor*, 60 V.I. at 603 (citation omitted).

[70] Defendant Willis's motion for bill of particulars, p. 1.

[71] People's opposition to Defendant Willis's motion for bill of particulars, p. 1.

[72] Defendant Willis's motion for bill of particulars, p. 1. *See also* 33 V.I.C. § 1201, Periods of limitations on criminal prosecutions (establishes a 6 year statute of limitations for the offenses for which Defendants are charged).

as fraud and making false statements regarding these taxes. "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature had decided to punish by criminal sanctions."[73] Defendant Willis acknowledges that "the Information alleges the life of the conspiracy to be from January 1, 2002, to February 25, 2008,"[74] and each charge alleges a course of conduct spanning that same time period.[75] The Third Circuit Court of Appeals has recognized that "it is permissible to charge conspiracy to evade several years' taxes as one count where the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years."[76] Defendants were arrested on February 14, 2014, within the six (6) year statute of limitations for the crimes described in the Information.

 Defendant Willis also alleges that a bill of particulars is necessary because "the Information fails to provide sufficient designations and specificity" to establish any "acts and comments" made by Willis establishing "a prima facie case of his knowledge . . . and willing involvement in" either "generalized conduct" or the conspiracy.[77] Such specificities are not even necessary to support a conviction because "[t]he government may prove [the] elements [of a conspiracy] entirely by

---

[73] STATUTE OF LIMITATIONS, BLACK'S LAW DICTIONARY (quoting *Toussie v. United States*, 397 U.S. 112, 90 S.Ct. 858, 25 L. Ed. 2d 156 (1970)).

[74] Defendant Willis's motion for bill of particulars, p. 3.

[75] February 24, 2014, Information. *See also* OFFICE OF THE UNITED STATES ATTORNEY, UNITED STATES ATTORNEYS' MANUAL, PINKERTON VS. AIDING AND ABETTING, www.justice.gov (updated April 1999), which explained that "[a] defendant in a case charging a conspiracy may be liable for each of the substantive counts charged in an indictment under three separate theories: 1. Actual commission of the crime; 2. Participation in the crime as an aider or abettor; [or] 3. Liability under a *Pinkerton* theory." (Which holds that a conspirator can be charged with any substantive offense in furtherance of the conspiracy, even without evidence of participation in the additional acts. *Pinkerton v. U.S.*, 328 U.S. 640, 646-647, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946)). Each of these theories are applicable in our jurisdiction under 1. A specific statute; 2. 14 V.I.C. § 11; and *U.S. v. Lopez*, 271 F.3d 472, 44 V.I. 311 (3d Cir. 2001) (on appeal from D.V.I.) (Conducted a *Banks*-like analysis at 481-482 and held that "the *Pinkerton* doctrine does apply to the Virgin Islands").

[76] *U.S. v. Root*, 585 F.3d 145, 162 (3d Cir. 2009) (citations omitted).

[77] Defendant Willis's motion for bill of particulars, p. 3.

circumstantial evidence."[78] Circumstantial evidence is based on inference,[79] thus "[t]he existence of a conspiracy can be inferred from evidence of related facts and circumstances".[80] Likewise, the People are not required to conclusively establish the "dates and locations for the formation of any conspiracy."[81] "In the usual course, [conspiracies] are inherently secretive affairs . . . formed by tacit agreement . . . and[,] . . . [f]or these reasons, only the conspirators may know precisely when their unlawful combination came into being."[82] The People need not establish when exactly Willis joined the conspiracy — only that he did.[83] Similarly, the Information charges that the events took place between the dates of January 1, 2002, and February 25, 2008. Willis is not charged with joining the conspiracy after February 25, 2008, and any additional actions would simply be considered in furtherance of the already active conspiracy.

---

[78] *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999) (citations omitted) (*Gibbs* is cited positively for the same contention in *U.S. v. John-Baptiste*, 747 F.3d 186, 204, 60 V.I. 904 (3d Cir. 2014) and is thus binding authority within this Court).

[79] EVIDENCE, BLACK'S LAW DICTIONARY (9th ed. 2009).

[80] *Gibbs*, 190 F.3d at 197.

[81] Defendant Willis's motion for bill of particulars, p. 3.

[82] *U.S. v. Rawlins*, 606 F.3d 73, 79-80, 53 V.I. 859 (3d Cir. 2010).

[83] *U.S. v. Pedigo*, 12 F.3d 618, 624 (7th Cir. 1994) (While *Pedigo* holds that mere knowledge of a conspiracy is insufficient, it does not, as Willis alleges, hold that the People must establish exactly when he entered the conspiracy). Similarly, other citations provided by Willis are not analogous, not binding and/or not persuasive. *U.S. v. Lively*, 803 F.2d 1124, 1129 (3d Cir. 1986) (While *Lively* holds that there must be a showing of actual knowledge of the conspiracy, it does not, as Willis alleges, hold that the People must establish *how* he knew of the conspiracy): *Kotteakos v. U.S.*, 328 U.S. 750, 773-774, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946) (The facts and holding in *Kotteakos* deal with the impermissible singular trial of multiple conspiracies where "the only nexus among [the conspiracies) lies in the fact that one man participated in all," and there are "dangers for transference of guilt from one to another across the line separating conspiracies". That is not analogous to this matter, which alleges that two (2) named individuals conspired to defraud the community of taxes on gross receipts); *U.S. v. Cruz*, 127 F.3d 791 (9th Cir. 1997) (negative history omitted) (While one cannot join a conspiracy that has already ended, this alone does not require the People to establish an end date of the conspiracy, especially when the People have provided Defendant with a time period). How and when Willis demonstrated his agreement to participate in the conspiracy and what acts he allegedly committed in furtherance of the conspiracy can be found within the discovery already shared between the parties, the Information, and the affidavit in support of the Information, as well as and inferred from and through this evidence. *Gibbs*, 190 F.3d at 197; *U.S. v. Martino*, 664 F.2d 860, 876 (2d Cir. 1981) and *U.S. v. Estrada-Macias*, 218 F.3d 1064 (9th Cir. 2000) (though not binding, provided by Defendant Willis).

Willis states that more specific details regarding the conspiracy are necessary to establish an alibi defense. Again, the Information states that the conspiracy spanned the period of January 1, 2002, to February 25, 2008.[84] Willis is accused of improperly issuing tax clearance letters to Defendant Castor from 2002 through 2006.[85] The People have provided dated tax clearance letters signed by both defendants.[86] Willis is also accused of preparing false and fraudulent gross receipts tax returns for Balbo for the years 2004 through 2007.[87] The People have provided Willis with dated 2006 and 2007 gross receipts tax returns,[88] Defendant Willis has sufficient details to establish an alibi defense, if appropriate.[89]

██ ██ Defendant Willis also seeks Information regarding "[w]hen, if ever, he withdrew from the conspiracy,"[90] Withdrawal is a defense,[91] and while the People are required to share discovery with the accused,[92] it is not required to engineer or put forth affirmative defenses for the Defendant.[93] The Court finds that the information requested regarding Count I has already been provided or is unnecessary to support a conviction, and the People are not required to produce additional information.

Regarding Counts III and IV, Defendant Willis argues that he requires "any and all specifics pertaining to what in particular Defendant did that

---

[84] Information, Counts I and III,

[85] Information, Count I.

[86] People's Demand for Notice of Alibi Discovery and Reciprocal Demand, dated on or about March 24, 2014, p.1.

[87] Information, Count V.

[88] People's Demand for Notice of Alibi Discovery and Reciprocal Demand, dated on or about March 24, 2014, p.1. It is unclear if this discovery also includes filings for 2004-2005.

[89] It is highly questionable whether the offenses with which Defendant Willis is charged are amendable to a defense of alibi.

[90] Defendant Willis's motion for bill of particulars, p. 5.

[91] *See, Smith v. United States*, 133 S. Ct. 714, 717, 184 L. Ed. 2d 570 (2013) (holding that defendant bears the burden of proving a defense of withdrawal) and *United States v. Kopp*, 464 Fed. Appx. 662, 663-664 (9th Cir.) *cert. denied*, 132 S. Ct. 2409, 182 L. Ed. 2d 1045 (2012) ("[Defendant] had the initial burden of showing that his actions warranted a withdrawal [as a defense] instruction").

[92] FED. R. CIV. P. 16, Discovery and Inspection.

[93] *United States v. Lawrence*, 349 F.3d 109, 123 (3d Cir. 2003) (on appeal from D.V.I.) (Holding that "affirmative defense[s] . . . must be raised by defendant and supported by some evidence before the government has to prove the contrary beyond a reasonable doubt").

was fraudulent as to each Count," "any and all specificities upon which the Government contends that this Defendant filed each return," and "designation of each false entry on the return and the (approximate) date, amount, character and source of income this Defendant failed to report."[94] Count III specifically states that Willis aided and abetted Castor in failing to file gross receipt tax returns on behalf of Balbo during the years 2002-2007 and aided and abetted Castor in understating the company's gross income for the years 2004 through 2007, income that determines the amount of gross receipts tax owed. The affidavit in support of the Information describes the procedure in which tax clearance letters are to be provided, and contrasts that procedure with how Willis allegedly usurped the process.[95] The affidavit also alleges that Castor hired Willis to prepare Balbo's delinquent gross receipts tax returns, provides the date these fraudulent returns were filed with the VIBIR, and states that the data provided on the tax returns does not match Balbo's bank records.[96] The People have provided Willis with, among other things, gross tax returns, transcripts of account, a tax clearance rejection letter, tax clearance letters signed by Willis, and bank statements regarding the tax clearance letters and gross receipts tax returns.[97] Defendant is not without information sufficiently detailed to prepare any defenses and avoid surprise regarding these aspects of Count III.

 Finally, Defendant claims that the Government must supply its "method of proof" regarding Count III.[98] Within the Third Circuit, it has been noted that "due to the complex nature of tax evasion cases, several methods of proof have been developed,"[99] including the specific evidence method, that employs direct evidence, or the net-worth, cash expenditures or bank deposits methods, which employ circumstantial evidence.[100] Although it appears that the People will seek to prove that the "reportable income [provided] by the Defendants] . . . does not appear on [the gross

---

[94] Defendant Willis's motion for bill of particulars, p. 6.

[95] Affidavit, pp. 1-2.

[96] Affidavit, p. 3.

[97] Demand for Notice of Alibi, pp. 1-2.

[98] Defendant Willis's motion for bill of particulars, p. 6.

[99] *United States v. Manfredi*, 628 F. Supp. 2d 608, 635 (W.D. Pa. 2009) (citations omitted).

[100] *Id.*

receipts] tax return or appear[s] in [a] diminished amount"[101] via the specific evidence method, because "each of these methods of proof entails proof of certain operative facts,"[102] the Court will order that the People clarify which method it will use in order that the Defendant can prepare an applicable defense.

 Defendant Willis fails to establish that he is without information sufficient to inform him of the charges against him, to prepare his defense, to avoid surprise and to protect him against additional prosecution for the same offenses. "[T]he government should not be forced to declare all its evidence or its theory of the case".[103] Although the Court will order the People to supply its method of proof, the remainder of Defendant Willis's requests are denied.

 In addition to his motion for a bill of particulars, Willis also contends that "by containing separate crimes for different years, each Count is multiplicitous."[104] "Duplicity is the joining in a single count of two or more distinct and separate offenses, which results in a general verdict of guilty that may fail to safeguard the defendant's right to be free from double jeopardy, frustrate appellate review, or otherwise prejudice the defendant."[105] This matter does not evoke any duplicity concerns because the alleged behavior was consistent for each year under each charge, separate counts for the individual tax offenses listed under each charge would result in even greater sentencing concerns by Willis, and the statutory language does not prohibit the Government from charging Willis for multiple events under one count.[106] Defendant also contends Counts III and V charge the same crimes.[107] However, Counts III and V invoke separate statutes, one that involves the mechanism to attain (fraud and false statements) and a second that concerns the illegal ends desired and achieved (willful failure to collect or pay over tax). These are not duplicitous charges.

---

[101] *Id.*

[102] *United States v. Feil*, No. CR 09-00863-1 JSW, 2010 U.S. Dist. LEXIS 113733 (N.D. Cal. 2010) (citations omitted).

[103] *U.S. v. Degrasse*, No. Crim. 2002/125, 2003 U.S. Dist. LEXIS 24637 (D.V.I. 2003).

[104] Defendant Willis's motion for bill of particulars, n. 4.

[105] *Rawlins v. People*, 58 V.I. 261, 270 (V.I. 2013) (citation omitted).

[106] *Root*, 585 F.3d at 154-155.

[107] Defendant Willis's motion for bill of particulars, n. 4.

### III. Motion to Amend the Complaint

 Because the Court finds that the Defendants will not be prejudiced and that the People do not seek to add an additional or different offense, the Court will allow the People to amend the Information to include the references to Subtitle I in Counts I and II.[108]

### CONCLUSION

· The Court finds that it has jurisdiction over matters involving gross receipt tax returns, and Defendant Louis Milton Willis's March 25, 2014, Motion to Dismiss is denied. The Court orders the People to provide Defendant Willis with a Bill of Particulars detailing the method of proof it will employ to establish any tax evasion. Lastly, the People may amend the Information to more specifically reflect the charges. An appropriate Order is issued simultaneously herewith.

---

[108] As discussed above, the Information is already sufficient because it fairly informs the defendants of the charges against which they must defend.